## HOEFLINGER VS. STAFFORD.

NONSUIT: (1) *Should be granted in action on contract to buy a note, when the proof is only of an agreement to pay, void by the statute of frauds.*

CONTRACT: EVIDENCE. (2) *Contract to pay a note not convertible into a contract to buy.*

1. The action being on an alleged contract of defendant to *buy* a note of her deceased husband, and there being no evidence of a contract to buy, but only of an agreement to *pay* the note (which agreement was void by the statute of frauds), the court erred in refusing a nonsuit.

2. The facts that the note, if paid, would not have been a claim against the maker's estate, and that the parties, by their agreement, provided for its being proved as such, cannot have the effect of converting an express contract to pay into an implied contract to buy the note.

APPEAL from the Circuit Court for *Marathon* County.

Action to recover for breach of a contract to buy a promissory note. The complaint alleged that the plaintiff, under a special agreement with the defendant, *Catharine Stafford*, sold her a note of $1,500 (made by defendant's deceased husband), which was held by plaintiff, and that at defendant's request, *Hoeflinger* delivered the note to one *Johnson;* that defendant, in consideration thereof, agreed to pay $1,500 on account of plaintiff to one Kickbusch, or, in lieu thereof, to deposit with Kickbusch certain Wausau school bonds as collateral security for payment of the $1,500; and that defendant had neglected and refused to comply with her agreement.

The answer alleged that defendant was sole administratrix of the estate of Michael Stafford, her deceased husband, who made the note in question to secure a debt of his own to *Hoeflinger;* that at the time of the alleged sale, *Hoeflinger* requested and urged defendant to pay the note out of her own means, which she refused to do ; that thereupon plaintiff presented the note to the commissioners appointed by the county court to adjust claims against her husband's estate, who allowed it in full. The answer also denied that defendant ever purchased the note, and denied the

complaint generally.    The remaining facts are sufficiently
stated in the opinion.    Verdict and judgment for plaintiff; and
defendant appealed.

*Silverthorn & Hurley,* for the appellant, insisted, among other
things, that the verdict was not sustained by the evidence, and
that the court erred in denying defendant's motion for a non-
suit.

*Carl Mueller* and *G. W. Cate,* with *S. U. Pinney* of counsel,
for the respondent.*

RYAN, C. J.   The respondent sued upon a contract stated
to have been made by the appellant with him for the purchase
by her of a note of her deceased husband, held by the respond-
ent.   The appellant's answer denies such a contract.   And the
issue seems to have been tried in the court below upon the
theory that there was evidence tending to establish such a con-
tract.   The court below not only refused to nonsuit the re-
spondent, not only submitted the issue on the contract to the
jury, but expressly charged the jury that the respondent's evi-
dence, taken by itself, made out a case.

There was some controversy in the evidence upon particulars
of the transaction between the parties; but we are unable to
discover any evidence tending to prove the contract set up in
the complaint.

The respondent himself testified that soon after the burial of
the deceased, the appellant told him that she considered his
note a sacred debt, and would pay it when she should get her
insurance money;   that later she told him that she could not
pay it, because she had invested her money in bonds, but

* The argument in this court, so far as it is shown by the printed briefs,
turned mainly on the question whether the agreement between the parties,
considered as one for a *sale* of the note, was void by the statute; and in
particular, whether there was any evidence of an *acceptance* of the note by
the defendant, such as would take the contract out of the statute.   Under
the view of the evidence taken by the court, this question became unim-
portant. — REP.

Hoeflinger vs. Stafford.

wanted to pay it; that he offered to take the bonds, which she said she would give him, but that he declined then to take them because he had not the note with him; and that at her request, he then agreed to give the note to a third person named by her, presumably to be proved as a debt against the estate of the deceased. He further testified that having given the note to the third person as agreed, he wrote a receipt to be given to the appellant for the bonds, expressly "in lieu" of the note. This is, in brief, his entire testimony of the contract; when he next again met the appellant, she refused to keep her agreement. The bill of exceptions purports to give all the evidence. We find in it evidence tending to confirm and to contradict the respondent's account of the agreement, but none to vary its character.

It is quite too plain for discussion that the agreement given in evidence was an agreement in express terms to pay the note, and not to buy it; to pay it, because it was a sacred debt of the deceased. If it may be tortured into a contract to purchase the note, so may many a contract to pay the debt of another be changed into one to purchase the debt.

The only suggestion made by the ingenious counsel of the respondent, to aid us in transmuting this express agreement to pay into an implied agreement to buy, is that the note, if paid, would not be a claim against the estate of the maker, whereas the parties provided for its being proved as such; that therefore they must have intended to keep the note alive, and have intended a contract to buy, and not to pay; though they expressed a contract to pay and not to buy. *Divinatio, non interpretatio, quæ omnino recedit a litera.* Whatever notions the parties may have had about the legal effect of the payment of the note by the appellant, on the note itself as against the estate, it appears very certain that no misunderstanding of the law could operate to vary the terms and object of the agreement which they expressly made. They may have mistaken the consequences of their contract, but that cannot operate to

change the contract made into another and different. There is no uncertainty in the terms of the agreement proved for such a circumstance to explain; no uncertainty for any rule of construction to aid. The terms employed by the parties are clear and explicit.

It is a parol contract to pay the debt of another, void under the statute of frauds. *McDonell v. Dodge*, 10 Wis., 106. And it was error for the court below to overrule the appellant's motion for a nonsuit, to submit to the jury the question whether the contract set up in the complaint had been proved, and to instruct the jury that the respondent's evidence made out his case.

*By the Court.* — The judgment of the court below is reversed, and the cause remanded for a new trial.