Higgins *v.* Ferguson et al.

Patrick Higgins, impleaded with William Maloney, Appellant, *v.* Alexander Ferguson et al., Appellees.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

Where the owner of land stands by and suffers credit to be given to another on the supposition that he owns the land, and aids in creating a belief that such other person does own the land, he cannot afterwards defeat a mechanic's lien by insisting that the land is his own.

The facts will be found stated in the opinion of the court.

The cause was heard before Mark Skinner, Judge, at March term, 1853, of the Cook County Court of Common Pleas, on bill, answer, and proofs, and a judgment was rendered for the complainants, affirming the lien, for the value of the lumber sold to enable Maloney to construct the building. Higgins thereupon took an appeal.

N. B. Judd, for appellant.

G. Goodrich, for appellees.

Treat, C. J.   The case shows this state of facts. Maloney applied to Ferguson and Williamson to purchase lumber for the purpose of erecting a house on a certain lot in Chicago, of which he claimed to be the owner. Higgins represented to Ferguson and Williamson that Maloney was the owner of the lot; and on the faith of his declarations, they let Maloney have the lumber. It was taken away by Higgins, and a portion of it was put into a house erected by him on the lot. The lot was,

23*

in fact, owned by Higgins; and Maloney never had any interest, legal or equitable, in it.

The question is, Have Ferguson and Williamson a lien on the lot for the price of so much of the lumber as was put into the house erected thereon? The court below answered this proposition in the affirmative, and the response from this court must be the same. As against the complainants, Higgins is in equity estopped to deny that Maloney was the owner of the lot. He not only stood by and suffered credit to be given on the supposition that Maloney owned the lot, but he expressly asserted such to be the fact. The credit was really given on the faith of his declarations respecting the ownership. After thus inducing the complainants to part with their property, he is not to be permitted to defeat their lien by insisting that his declarations were false. The principles of equity clearly estop him from so doing. He is bound by his representations, and answerable for all the consequences naturally flowing from them. The doctrine on this subject is thus laid down in Wendell *v.* Rensselaer, 1 Johns. C. R. 344: " There is no principle better established in this court, nor one founded on more solid considerations of equity and public utility, than that which declares, that if one man knowingly, though he does it passively, by looking on, suffers another to purchase and expend money on land, under an erroneous opinion of title, without making known his claim, he shall not afterwards be permitted to exercise his legal right against such person. It would be an act of fraud and injustice, and his conscience is bound by this equitable estoppel." The same principle was enforced in Storrs *v.* Barker, 6 Johns. C. R. 166. And it is affirmed by Story, in these words : " If a man, having a title to an estate, which is offered for sale, and, knowing his title, stands by and encourages the sale; or does not forbid it, and thereby another person is induced to purchase the estate, under the supposition that the title is good, the former, so standing by and being silent, will be bound by the sale ; and neither he nor his privies will be at liberty to dispute the validity of the purchase." 1 Story's Eq. § 385.

The decree must be affirmed.

*Decree affirmed.*