## McDONELL vs. DODGE.

ERROR TO CIRCUIT COURT, DANE COUNTY.

Heard August 31, 1859.]                    [Decided December 14, 1859.

*Agent and Principal—Frauds, Statute of.*

When there was conflicting evidence given in a case as to the extent of an architect's authority to purchase materials for a building over which he had charge, it is not proper to instruct the jury, that if they should find that the vendor at the time of the sale, had reason to believe, from the acts of the parties, that the architect was authorized to purchase such materials, then the owner was liable.

It is not proper in such a case, to instruct the jury that if they should find that the architect was the agent of the defendant, the owner, then his admissions and declarations would bind the defendant; and if he was acting for the defendant as his agent about the building, although his authority might not expressly extend to the purchasing of materials, still, if the vendor believed he was authorized to purchase, the defendant was liable.

When W. sold lime to K. to construct a building for M., and after the sale M. promised to pay W. for the lime, such promise is not binding on M., unless reduced to writing, with a consideration expressed.

This was an action commenced before a justice of the peace of Dane county, to recover the value of a quantity of lime claimed to have been sold by Daniel Williams to one Kline, to use in constructing a building for McDonell. The cause was appealed to the county court, and judgment was rendered in favor of the plaintiff below, who was the assignee of Williams, for the amount of the claim. The effect of the testimony is sufficiently stated in the opinion of the court. After the testimony was delivered the judge instructed the jury : "that if they found that Donell was the agent of the defendant, and that he bought the lime of Williams, the defendant was liable. The question of agency was one of law and fact; that it might be established by ratification of the acts of another, as well as by direct authority. That if the jury should find that Williams, at the time of the sale of the lime, had reason to believe from the acts of the parties that Donell was the agent of the defendant, the defendant would be liable; that in such case the question is not what power the principal

intended to give his agent, but what power third persons who dealt with the agent, and who insist on his acts as valid, had a right to infer that he possessed from his own acts and those of his principal; that if the jury should find that Donell was the agent of the defendant, then his admissions and declarations would bind the defendant; that if he was acting for the defendant as his agent about the building, although his authority might not expressly extend to the purchasing of materials, still, if the plaintiff's assignor sold to him believing he was authorized, the defendant would be liable."

To each sentence of this instruction the defendant excepted, and the asked the judge to instruct the jury as follows:

" 1. That the defendant is not liable unless the lime was originally sold and delivered to him; a promise to pay after the delivery to Kline, in order to be binding, must be in writing; and if the jury find that the lime was sold by Williams to Kline, the defendant is not liable to the plaintiff in this action.

" 2. That the jury are judges of the facts, but the facts in relation to the agency being proven, the court is to decide whether the facts as proven constitute an agency. As to what constitutes an agency is a question of law. The court must decide whether the evidence constitutes an agency, and in this case there being no conflict, the court should charge the jury that Donell had no authority to bind the defendant for the lime in question, by any of his acts or declarations.

" 3. To constitute a ratification by McDonell of Donell's unauthorized acts, it must be proven that at the time of such pretended ratification he had full knowledge of the act and the whole of the acts which it is claimed he ratified."

All of which the judge refused to give, and the defendant excepted. And the jury, under the charge of the court, returned a verdict in favor of the plaintiff for the sum of ninety-eight dollars and thirty-two cents." Upon which judgment was rendered and the defendent below sued out this writ of error.

*J. C. Hopkins,* for the plaintiff in error.

*Welch & Lamb,* for the defendant in error.

*By the Court,* Cole, J. We will not stop to notice all the exceptions taken to the rulings of the county court on the trial

of this cause; but will dispose of the case mainly in considering the correctness of one or two of the instructions which were given to the jury; and the error of the court in refusing to give one of the instructions asked to be given on the behalf of the plaintiff in error. It is quite apparent that the whole contest narrowed itself down to the inquiry whether Donell as agent of McDonell, bought the lime in controversy; if so, whether, in the first instance, he was authorized to buy it, as well as other materials, for the building; or if not authorized to do this thing, whether his unauthorized act, in buying the lime, had been plainly ratified by the principal so as to bind the latter and render him liable to pay for the lime.

The whole case shows that Donell was the agent of the plaintiff in error for certain purposes, and, as a matter of course, could bind his principal while acting within the scope of his authority. But it was insisted that it did not by any means follow that because Donell was the agent of the plaintiff in error, for one purpose, and to transact one kind of business, that therefore he was an agent for all purposes, and for the transaction of all kinds of business. The precise limit and extent of the agency was the point in dispute between the parties. For, while conceding that Donell was the architect for drawing the contracts, furnishing plans, making estimates of work done and materials found, and of paying the contractor the money due upon such estimates from time to time, the plaintiff in error denied that Donell had ever purchased the lime, or had any authority whatever from him to purchase it, or any other materials. No evidence was offered to show that Donell directly ordered or purchased the lime; but the plaintiff below sought to make out his right to recover in the action, by establishing the fact that Donell must have been the general agent of McDonell, authorized to furnish all necessary building materials; or at least from the conduct and acts of the parties, persons furnishing materials had the right

so to consider him; that Donell knew that the lime had been delivered and used in the building, had seen the account for it, and, in a certain sense, recognized it as a valid claim, and one which his principal would see paid. Daniel Williams, who furnished the lime, and to whom the account sued upon originally belonged, testified that he delivered the lime upon the premises; that he did not see the defendant in regard to it; that defendant was not present to his knowledge, and that Kline, who was putting up the building, authorized him to deliver the lime at McDonell's building. It appears that Kline was the contractor for doing the mason work and furnishing materials. Donell testifies that money was put in his hands by McDonell, to pay Kline on the estimates made by him, for work done and materials on the building; that he always paid it out on Kline's order; that Williams called upon him to pay for the lime; that he told him he had no money, but told him to present the account the next month, &c. He states that he had no authority to purchase materials, and McDonell swears to the same thing.

We express no opinion as to whether the testimony showed that Donell was a general agent, authorized to furnish materials ; or, that from the acts and conduct of the parties, he might be so regarded, since the nature, extent and character of the agency was a proper matter for the jury to determine from the evidence in the case. We have made these observations for the purpose of showing wherein we think the county court erred in the instructions given to the jury. And in view of the conflicting evidence upon this point of the case, we think the county judge was not sufficiently guarded in his language, when he instructed the jury, that if they should find that Williams, at the time of the sale of the lime, had reason to believe, from the acts of the parties, that Donell was the agent of the defendant, the defendant would be liable, &c. It would have been more correct to have charged the jury, that if Wil-

liams, at the time of the sale of the lime, had reason to believe, from the acts of the parties, that Donell was the general agent of the defendant to procure materials, and ordered or received the lime, that then the defendant would have been liable, &c. But this instruction is perhaps not so important as the one following: " That if the jury should find that Donell was the agent of the defendant, then his admissions and declarations would bind the defendant; that if he was acting for the defendant as his agent about the building, although his authority might not expressly extend to the purchasing of materials; still, if the plaintiff's assignor sold to him, believing he was authorized, the defendant would be liable." It is very clear that the admissions and declarations of the agent in reference to a matter upon which he has no right to act, cannot affect the principal. The rule is laid down, that when the acts of the agent will bind the principal then, his representations, declarations and admissions respecting the subject matter, will also bind him, if made at the same time, and constituting a part of the *res gestæ.* 1 Green. Ev., § 113; Story on Agency, § 134, *et seq.*

We have seen that it was admitted on the trial that Donell was the architect employed to draw contracts, make estimates of work done and material furnished, and was authorized by McDonell to pay over to the contractor money on these estimates, as it might be found due. If this was his sole business and duty about the building, the extent and limit of his power, and if he had no authority to contract for, or buy any material on behalf of his principal, then it is obvious that any declarations or admissions made by him on a matter where he has no right to act, could not bind the plaintiff in error. Donell was an agent for a special purpose, and he might have been for a general purpose. But if he was only a special agent, employed for a particular object only, he could not bind his principal by an admission upon a matter entirely outside

of his agency. This distinction the county judge did not make in the instruction given.

Again, the defendant's counsel requested the court to instruct the jury that the defendant was not liable unless the lime was originally sold and delivered to him; that a promise to pay after the delivery to Kline, in order to be binding, must be in writing, and if the jury should find that the lime was sold by Williams to Kline, then the defendant was not liable to the plaintiff in the action. There certainly was evidence in the case tending to show that the lime was sold and delivered to the contractor Kline. Whether this was actually the fact, was one of the issues in the case. If the lime was really sold and delivered to Kline, then any promise made by the plaintiff in error to pay for it after such sale, was a promise to answer for the debt or default of another, and, to be binding, must be in writing, with a consideration expressed.

It follows, from the view we have taken of this case, that the judgment of the county court must be reversed, and a new trial ordered.