JAMES KINNEY, Plaintiff in Error, *v.* ANDREW T. SHERMAN *et al.*, Defendants in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

An allegation in a petition for a mechanics' lien, that time was extended, and that petitioner proceeded with work without objection as rapidly as circumstances would allow, etc., and would have finished by a certain time, if the employer had not failed to perform, does not come within the statute.

Unless the payment of money was a condition precedent, upon which the contract was made to depend, the mechanic could go on with his contract and secure his lien.

The legislature may change remedies, but cannot make contracts for parties. The law of 1861 will not save a lien; it affects the original contract, which was beyond the power of the legislature.

THIS petition for a mechanics' lien sets out, that on the 1st of October, 1858, defendants entered into a contract with petitioner to build a certain house on a certain lot, the property of defendants, for $1,200. The petition sets out particularly the work to be done. That the work was to be paid for as fast as the money should be needed to pay for labor and materials, and according to the demand and desire of the petitioner, and as fast as the work progressed; that the house should be finished by the 1st of May, 1859, and the amount then remaining due should be fully paid; that after the agreement as aforesaid, the defendants made alterations in plan, increasing the size, etc., of the house (setting out the alterations); that the additional expense was to be paid for on the same terms, etc., as before agreed; that in consequence of the additions, etc., the petitioner was unable to finish said building on the 1st day of May, 1859; the defendants, on the 30th of April, 1859, agreed with the petitioner to extend the time of completion, and allowed the petitioner to progress with and work on the house without objection, and the petitioner did progress with the work with the approbation of the defendants, with as much rapidity and dispatch as the performance on the part of defendants would allow, till about the 1st of July, 1859; and petitioner contends, that by such extension, he had, in contemplation of law, a reasonable time beyond the first day of May, to complete and finish the house, which he alleges would have been till about the middle of July, 1859, at which time he might and would have completed the same, if defendants had not failed to perform their part of the agreement, as hereinafter set forth; that at divers times since the commencement of the house he has asked and demanded money of defendants, to enable him to build and complete the house; that they refused to furnish money as by the terms of the contract they had agreed to do, on account of which refusal, petitioner was greatly hindered and delayed in building the house and making the alterations ·

34

that petitioner continued to work on the house till the first of July, 1859, when he applied to defendants for money to enable him to complete the house, etc.; that defendants refused to pay any money on account of the work, or to comply with their agreement; alleges that he was thereby prevented from finishing the building in certain respects, (naming them); alleges a balance due him on the original contract price, and for alterations and additions, etc., $1,841.46.

The defendants demurred to the petition, and the court sustained the demurrer, and dismissed the petition.

Hurd, Booth & Potter, for Plaintiff in Error.

Cited, Session Laws of 1861, p. 179; 1 McAll. C. C. (Cal.) 513; 19 U. S. Dig. 452; 2 Mass. 223; 4 Cowen, 384.; 4 Wheat. 200, 507; 1 Kent's Com. 455; 2 Bibb, 202.

Williams, Woodbridge & Grant, for Defendants in Error.

Cited, 18 Ill. 220—223; 21 Ill. 436; 24 Ill. 520.

Breese, J. This court has, so often, affirmed the principles on which these applications for liens must be based, that it cannot be necessary now to go into the argument. In *Cook et al.* v. *Vreeland*, 21 Ill. 431, it was held, a lien cannot attach unless the contract provides a time within which the work is to be completed. The law cannot imply any time for its completion; that must be left to the express contract of the parties. And in *Sutherland* v. *Ryerson et al.*, 24 Ill. 520, we said, that it is not the mere furnishing the materials or doing the labor which creates this lien, but it is the contract of the parties, and the furnishing of the labor and materials under it, which have that effect.

The allegation in this petition is, in substance, that the defendants, on the 30th of April, 1859, agreed to extend the time of completion, and allowed the petitioner to progress with the work without objection, and that he did progress with the work as rapidly as the performance on the part of the defendants would allow, until the first day of July, 1859, at which time he would have completed the same if the

defendants had not failed to perform their part of the agreement, does not bring the case within the language or reason of the statute.

It is not alleged, the payment of money by the defendant was a condition precedent to be performed by the defendants on which the completion of the contract was made to depend, and unless it was a condition precedent, the petitioner was not prevented from going on and finishing his contract, even if there was such default on the part of the defendants.

The statute gives the petitioner security by lien, if he goes on and completes the contract, and to avail of it, he must complete it, unless prevented by the other party.

Having shown then, that he neither completed the contract nor was prevented by the defendants from so doing, he is not in a position to claim the benefit of the statute. It is true, the contract as set out in the petition, provides that the work was to be paid for as fast as the money should be needed to pay for labor and materials, and according to the demand and desire of the petitioner, and as fast as the work progressed, and that he made demands for money which were not complied with, whereby he was prevented from finishing the building in certain named respects.

In *Palmer* v. *Robertson*, 18 Ill. 220, this court said they found no case where the failure to pay the consideration for the work as it progressed, according to the terms of the agreement, had been held such an act or omission on the part of the defendant, as to prevent the other party from completing the contract. The same view was expressed in the case of *Christian County* v. *Overholt et al.*, id. 223. The payments should be made a condition precedent, by the express and positive provisions of the contract. They have not been so made by this contract. The petitioner having abandoned the contract, appeals with a bad grace for a preference by lien over all other creditors.

It is urged, however, by the petitioner, that his case comes within the act amending the lien law, ch. 65, passed in 1861, (Sess. Laws, 179), and is saved by that act.

If this statute only affected the remedy, the petitioner's

view would be correct, but it affects the original contract. This contract was made in 1858, under which the petitioner had no lien, nor had he any lien at the time of the passing of the act. The act makes a new contract for the parties, entirely different in its character, which it is not in the constitutional competency of the legislature to do. They might as well declare that a promissory note, executed years ago, shall be a lien on the homestead. They can deal with remedies, but not with contracts which parties have voluntarily and understandingly made. Courts may relieve from their hardships, or enforce them; the legislature can do neither.

The judgment must be affirmed.

*Judgment affirmed.*