## THOMAS W. BAXTER

*v.*

## FREDERICK J. HUTCHINGS *et al.*

1. MECHANIC'S LIEN—*petition—contract.* Where a petition for a mechanic's lien alleges that the son of a widow, who was the owner of a mill, contracted for machinery to place therein as well for himself as for the mother, with her knowledge and consent and as her agent: *Held,* that it was sufficient on demurrer. But, to succeed, it must be proved that the son had authority from the mother to make the contract; that his mere possession of the mill as agent or otherwise is not evidence of authority to bind any interest, other than his own.

2. CONTRACT—*its performance.* Under the law of 1845, it was necessary to perform the contract for the delivery of materials within the specified time, to preserve the lien, but under the act of 1861 it is otherwise. Under the latter act the lien will continue if the materials are furnished after the stipulated time, provided the delivery is completed within one year from the time of commencing their delivery.

WRIT OF ERROR to the Superior Court of Chicago; the Hon. JOHN A. JAMESON, Judge, presiding.

The facts in this case are fully presented in the opinion.

Mr. LEWIS UMLAUF, for the plaintiff in error.

Messrs. WOODBRIDGE & GRANT, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Plaintiff in error filed his petition in the court below, alleging that he is entitled to enforce a lien against the premises described, for the price of materials furnished by him, to be placed in the mill of Sarah Hutchings. The petition sets out a letter of plaintiff in error, written to Frederick J. Hutchings, son of defendant in error, in which he makes propositions to furnish the materials, and designated prices, terms and conditions, and says to him, if they are satisfactory, he will endorse his acceptance on and return the letter. On the 2d of June, 1866, Frederick J. Hutchings endorsed the acceptance on the letter. The letter, which thereby became the contract, states that fifteen hundred dollars should be paid at the time the proposition should be accepted, " and the balance on the delivery of the goods, about the first day of August next."

The petition avers, that " Sarah Hutchings is the owner of the fee of the tract of land upon which the mill was erected; that Frederick J. was a single man, and resided with his mother, and, although he made the contract in his own name, he, in fact, made the contract aforesaid, with your petitioner, not only for himself, but also for, and on behalf of, the said Sarah Hutchings, his mother, who is not only the owner of the said tract of land, upon which the mill or building stands, but also the owner of the whole, or some certain part interest of the said mill, and that the said contract was made and accepted as well for the interest and benefit of the said Sarah Hutchings as of the said Frederick J. Hutchings, with her knowledge and consent; and the said Frederick J. Hutchings, not only acting for himself in the premises, but also for, and in behalf of the said Sarah Hutchings, as her authorized agent."

The petition also alleges, that while plaintiff in error was engaged in the performance of the contract, Frederick J. Hutchings, for and on behalf of himself and Sarah Hutchings, and with her knowledge and consent, from time to time, ordered other articles of machinery not embraced in the original contract, and thereby interrupted and delayed the performance of the contract first entered into. And that by reason of such alterations, Frederick J. Hutchings was not ready to receive the machinery to be furnished under the written contract, and thereby prevented its full completion before the first day of January, 1867; and that most of the extra machinery was furnished after the first day of August, 1866, and before the first of January, 1867.

That, at different times, the sum of twenty-three hundred dollars was paid to him on the price of the articles of machinery, and that they amounted in the aggregate, to the sum of three thousand five hundred and fifty dollars, leaving a balance due him of twelve hundred and fifty; and that after the contract was entered into, Sarah Hutchings mortgaged the mill and premises to John C. Clark. The petition prays a discovery, that an account be taken, petitioner's lien be established, and that the premises be sold to satisfy his lien. A demurrer was filed to the petition, which the court sustained, and rendered a decree of dismissal, to reverse which this writ of error is prosecuted.

There can be no doubt that a contract, such as creates a mechanic's or material man's lien, may be made by the agent of the owner of the premises to be improved or repaired. To do so, however, he must have authority for the purpose. A general agency to take care of the property, or an agency for other purposes, will not be sufficient. And, in this, there is no hardship, as the title being on record, the mechanic is chargeable with notice that the agent is not the owner, and having that notice, while dealing with a person not having the title, or being clothed with the evidences of title, he should

ascertain the source and extent of the authority before contracting, and, failing to do so, he should bear the consequences of his negligence.

In this case, although not very distinctly and artificially done, it is alleged that Frederick Hutchings made the contract as the agent of Sarah Hutchings, for her use and with her consent. When traversed, such an allegation would require plaintiff in error to prove, by satisfactory evidence, that Frederick was the agent of his mother to make the contract for this improvement. Merely proving that he was her agent for some other purpose, would not be sufficient, nor proof that he was in possession of the property. A party in possession, as a tenant, an intruder, or otherwise, of property of another, by such a contract may bind his own interest, but not that of the owner in the premises, unless the authority to do so has been conferred. *Garret* v. *Stephenson*, 3 Gilm. 261; *Steigleman* v. *McBride*, 17 Ill. 300. Nor, will the mere fact that a person is in possession prove authority. If such were the law, a tenant or mere occupant could do great wrong to the owner. As the lien is a special one, in favor of a special class, it is but reasonable that those who claim it should be required to know when they contract, that the person with whom they contract, has power to create it so as to bind the property.

In support of the decree, it is, however, urged that the machinery was not furnished within the stipulated time, and that plaintiff in error has not shown that it was extended by agreement of the parties, nor shown any sufficient excuse. This contract fully complies with the requirement of the statute, in fixing a time for the delivery of the machinery, and for the payment of the money. In the case of *Roach* v. *Chapin,* 27 Ill. 194, it was said that the objection that no time was fixed by the contract would have been fatal under the act of 1845, but the act of 1861 cured that defect. And in the case of *Kinney* v. *Sherman*, 28 Ill. 520, it was said that the

120          BAXTER v. HUTCHINGS et al.          [Sept. T.,

Opinion of the Court.

former act required the contract to be completed within the specified time to secure the lien, unless prevented by the other party. It was there, however, said, that had the contract been made under the law of 1861, it would have been otherwise. That act declares that the law of 1845 shall be held to embrace implied as well as express contracts, in which no time is fixed for the completion of the work, or the furnishing the materials, or price agreed upon for such labor or materials, or for the payment of the money, if the materials or labor be furnished within one year from the commencement of the work, or the commencement to furnish materials.

In this case, the petition avers that plaintiff in error was prevented from completing the contract within the limited period, by Frederick J. Hutchings, who made additions and added extra machinery. If this were proved, it would bring the case within what was said in *Kinney* v. *Sherman, supra,* and be sufficient, under the law of 1845. And, it will be observed, that the act of 1861 embraces written contracts as well as those which are verbal. And there was no time specified for the payment of the extra machinery, and they fall within the provisions of that act. And, having failed to deliver the articles embraced in the contract within the time specified, but they having been subsequently delivered and accepted, they would fall under the provisions of the act of 1861, as they were then delivered without any agreement as to time. We are, for these reasons, of the opinion that defendants in error should have been required to present any defense they may have had by answer, and the demurrer was improperly sustained. If, on the hearing, it appear that there were too many parties defendant, the court should dismiss as to those improperly joined. From the averments in the petition, we cannot say that Frederick J. Hutchings was an improper party. The contract would bind his interest, if any he held. The decree is reversed and the cause remanded.

*Decree reversed.*