RICE and another vs. LUCY HALL, imp.

MECHANIC'S LIEN SUIT: *Parties: Pleading.*

1. A subsequent purchaser or incumbrancer is a proper party to an action brought to enforce a specific lien for materials and labor.
2. The complaint alleges that plaintiffs furnished to the defendants machinery of a certain value, used in repairing a certain mill; that such machinery was furnished at the request of J. H., and a portion of it at the request and upon the express orders of L. H.; that said mill then was and still is occupied by J. H., and "owned by one or both of said defendants in common or otherwise;" that L. H. claims some interest in or title to the lot on which the mill is situated; and that plaintiffs are not able to state what her precise interest or title is, but claim that, whatever it may be, it is subordinate to their lien. The complaint states the substance of the petition for a lien, and the date of its filing in the proper office; and demands a personal judgment against J. H. (but not against L. H.), and also that the amount claimed be adjudged a lien upon the mill building, machinery and fixtures, taking precedence of any interest of L. H. therein, and that the premises be sold, etc. *Held,* that upon the facts here alleged, L. H. is properly made a party defendant to the action, as a subsequent purchaser or incumbrancer.

APPEAL from the Circuit Court for *Portage* County.

The complaint in this action alleges that the plaintiffs, at the times when their claims therein set forth accrued, were foundrymen and manufacturers and repairers of steam engines, etc.; that as such, at the special instance and request of the defendant James Hall, "and in part at the request of the said [defendant] *Lucy Hall*," between December 12, 1874, and April 6, 1875, they made, sold and delivered "to the said defendants," a large quantity of machinery, mill gearing and repairs, "for a steam saw-mill and shingle-mill then and still occupied by the said James Hall, and then and still owned by one or both of said defendants as tenants in common or otherwise;" said machinery, etc., being of the value of $167.52, of which only $22.88 had been paid, leaving justly due thereon $144.64, with interest, in consideration whereof said James Hall promised the plaintiff to pay him the sum so remaining

due and unpaid when he should be thereunto afterwards re-
quested; that after the delivery and acceptance of the said
machinery, etc., "plaintiffs demanded of said James Hall pay-
ment therefor, but the same was then and there refused;" that
said machinery, etc., was furnished for and used in the repair-
ing of the aforesaid steam saw-mill, situated on "lot number
6" in a certain described section of land in said county; that
for the purpose of securing their lien upon said premises for
the sum above mentioned, plaintiffs filed their petition in the
office of the clerk of the circuit court for said county, on the
23d of June, 1875, as provided by law, and on the 10th of
July following filed with said clerk an amended petition for a
lien on said premises for said sum, " setting forth in substance
the performance of said work and labor, and the sale and de-
livery of said machinery, as hereinbefore stated, and that the
same was used in the repairing of the said steam mill, the
sum remaining due thereon, with a description of the said
premises, and claiming a lien for the sum due as aforesaid;"
and that the claim referred to and set forth in said petition
is the same claim or demand set up in this complaint.

The complaint then avers that said *Lucy Hall* "claims some
interest in or title to the said lot number six, but what her
precise interest or title is, plaintiffs are not able to state, but
charge that, whatever the same may be, it is subordinate to
the claims of the plaintiffs herein before stated;" that the
said *Lucy* is a sister of the defendant James Hall, and was
residing upon or near the said premises, with the said James,
at the time the said mill was being repaired, and the said ma-
chinery was being furnished by the plaintiffs and put in the
mill, and had knowledge that plaintiffs were manufacturing
and furnishing it for the mill, and that the same was used in
said mill with her knowledge and consent; and that a portion
of said machinery, etc., was furnished and delivered to be
used in repairing and refitting said mill upon the express or-
der of the said *Lucy*.

Prayer, for a judgment against James Hall for the sum alleged to be due, with interest and the costs of the action, "and that the same may be adjudged a lien upon and against said steam mill building, machinery and fixtures thereon; and that the same may take precedence of any interest, claim or title that the said *Lucy* may have therein; and that the same premises described in the said amended petition may be sold," etc. With the summons and complaint, the plaintiffs served upon *Lucy Hall* a notice that the object of the action was to enforce a mechanic's lien for $144.64, "against the steam sawmill occupied by the defendant James Hall, and situated upon lot six" in the section of land aforesaid, and that no personal claim was made against her.

*Lucy Hall* demurred to the complaint as not stating a cause of action against her; and appealed from an order overruling her demurrer.

The cause was submitted on the briefs of *James O. Raymond* for the appellant, and *H. W. Lee* for the respondent.

The appellant's counsel argued, as in the preceding case, that a mechanic's lien cannot be enforced against the property of any person other than the debtor, and that therefore the complaint fails to state a cause of action against the appellant.

For the respondent it was contended, that the averments of the complaint show, and were intended to show, that the appellant was one of the contracting parties, and that part of the goods were furnished to her, on her responsibility. If the value of that portion of the goods so furnished is not stated, and if the appellant desired further particulars in relation thereto, her remedy was by a motion to make more definite and certain. *Learmonth v. Veeder*, 11 Wis., 138; *Baxter v. The State*, 9 id., 39. It is also alleged that the mill was occupied by James Hall, and was then and still is owned by one or both of the defendants, as tenants in common or otherwise; and it is further alleged that the appellant claims some interest in or title to the lot upon which the mill is situate, and that

plaintiffs are not able to state the precise character of such interest, but claim that it is subject to their lien. On these averments it appears that a cause of action is claimed against the appellant on two grounds: 1. Because she was one of the contracting parties; and 2. Because she has or claims an interest in the premises. The fact that the plaintiffs do not seek a personal judgment against the appellant, as they might have done upon these allegations, does not affect their right to a lien upon her interest in the premises.

LYON, J. This is an action to enforce a lien upon the same premises described in the complaint in *Wheeler v. Hall* (*ante*, p. 447), for the price of certain machinery furnished by the plaintiffs (who are foundrymen), and used in erecting and repairing the mills on such premises. As in that case, this appeal is from an order of the circuit court overruling a general demurrer to the complaint, interposed by the defendant *Lucy Hall*. The only question to be determined is, whether the complaint states facts sufficient to constitute a cause of action against the appellant.

It is alleged in the complaint that a portion of the machinery was furnished at the request of the defendant James Hall, and a portion at the request and upon the express orders of the appellant; also that the premises upon which a lien is claimed, were when the machinery was furnished, and still are, occupied by James Hall, and were then and are still "owned by one or both of said defendants in common or otherwise;" and that the appellant claims some interest in or title to a part of the premises, "but what her precise interest or title is, the plaintiffs are not able to state, but claim that whatever the same may be, it is subordinate to the claims of the plaintiffs," as stated in the complaint. The substance of the petition for a lien, and the date of the filing thereof in the proper office, are stated in the complaint. There is no demand for a personal judgment against the appellant.

Rice and another vs. Lucy Hall, imp.

As we understand the complaint, it substantially avers that the appellant acquired an interest in the premises upon which the plaintiffs seek to enforce a lien, after their right to such lien attached, and hence, that her interest is subordinate or subject to their claim. Were this an action to foreclose a mortgage executed and recorded before the appellant acquired an interest in the premises, there is no doubt she would be a proper party defendant to the action. Why is she not a proper party defendant in this action to enforce a specific lien? Unless made a party in the lien action, the purchaser at the execution sale might be driven to an action against her to perfect his title. It is manifestly for the benefit of all parties that the rights of all persons claiming an interest in the premises subsequent to the lien be settled in the action to enforce the lien. Surely it is to the advantage of those claiming such interest to be made parties in the lien suit, for it gives them an early opportunity to contest the amount of the lien, and enables them to ascertain the extent of the incumbrances to which their interest is subject. In short, the reasons for making a subsequent purchaser or incumbrancer a party defendant to a foreclosure action, apply with equal force to an action like this.

But further discussion is unnecessary. The question was settled by this court in *McCoy v. Quick*, 30 Wis., 521. It is there held that a subsequent purchaser or incumbrancer is a proper party to an action brought to enforce a specific lien for materials and labor. See also *Hall v. Hinckley*, 32 id., 362. We have no doubt the ruling is sound in principle.

We conclude that the complaint states facts which show that the appellant, although not absolutely a necessary party, is a proper party to the action, and hence, that the demurrer thereto was properly overruled.

*By the Court.* — Order affirmed.