[Nos. 549, 550, 551.   Consolidated.   September 30, 1893.]

## E. J. POST & COMPANY, Appellants, v. GEORGE H. MILES et al., Appellees.

## A. L. STAEHLIN, Appellant, v. SAME, Appellees.

## MOUNTAIN ELECTRIC COMPANY and SMITH PRIESTON, Appellants, v. SAME, Appellees.

Mechanics' Liens— Notice— Bill— Demurrer— Sufficiency. —In proceedings, by bill in equity, to enforce mechanics' and material men's liens, where a demurrer was interposed by the adult defendants, and sustained, assigning, among other grounds, that the notice of liens showed that the contract for work and materials was entered into by the lien claimants with a party who was not the owner of the real estate. without showing what relation such party sustained to the owners of the realty; that the bill showed that a part of the improvements, viz., a dynamo, belonged to one of the defendants, while the ground upon which it was erected belonged to others of the defendants; that two of the defendants were minors, and could not, either by themselves or guardians, create a lien on their real estate,— Held, first: A notice of lien which gives the name of the person contracted with is sufficient, under the statute, without showing what relation exists between such person and the owners.

Id.—Improvements—Realty—To What Lien Attaches—Demurrer.— Held, second: It is not required by sections 1520, 1522, Compiled Laws, as a condition upon which a lien on the realty is made to depend, that the improvements should become a part of the realty, to entitle the persons making the improvements, and furnishing the material, to mechanics' and material men's liens. The liens attach to the improvements, and to the land upon which they are made; and the fact that the bill showed that the improvements belonged to one person, and the land to others, all of them being made parties defendant, did not make it demurrable.

Id.—Bill—Joinder of Minors, and Dismissal of Bill as to Them—Demurrer.—Held, third: The joinder of the minors as defendants having been assigned as one of the grounds of the demurrer to the bill by all the adult defendants, it is unnecessary to decide whether they were proper parties or not. Having sought and obtained a dismissal of the bill as to them, the adult defendants can not complain that the minors are no longer parties.

APPEAL, from decrees sustaining demurrers to and dismissing the bills, from the Second Judicial District Court, Bernalillo County. Reversed and remanded, with instructions to reinstate the cause as to the adult defendants; LEE, J., dissenting.

The facts are stated in the opinion of the court.

BERNARD S. RODEY for appellants, Staehlin and Post & Company.

The enforcement of mechanics' liens should be favored by a liberal construction of the statute. Empire L. & C. Co. v. Engley et al., 33 Pac. Rep. 153.

Under a statute of California, like the New Mexico statute, providing that a contractor's claim of lien shall contain, inter alia, the name of the owner, or reputed owner, of the realty, if known, it was held by the supreme court of that state that, "where such name is not known the claim need aver nothing on the subject." West Coast Lumber Co. v. New Kirk et al., 22 Pac. Rep. (Cal.) 231.

The relation between the owner and the employer should appear somewhere in the record, presumably either in the notice or the bill, or in lieu thereof it should be shown that the owner had knowledge of the furnishing of the materials and failed within three days to relieve himself of liability by a proper notice to that effect. Allen et al. v. Rowe et al., 23 Pac. Rep. (Ore.) 901. This was held by the court under a strict construction of the lien statute.

The owner's interest may be sold on foreclosure of a mechanic's lien when he knew of the erection of the building, etc. Tacoma Lumber & M. Co. v. Kennedy et al., 30 Pac. Rep. 79; Albrecht v. Foster L. Co., 26 N. E. Rep. (Ind.) 157; Wetmore v. Marsh, 47 N. W. Rep. (Iowa) 1021; Russ L. & M. Co. v. Garrettson, 25 Pac. Rep. (Cal.) 747; McDermit v. Class, 15 S. W.

Rep. (Mo.) 995; Bangs v. Burg, 48 N. W. Rep. (Iowa) 90; McCristal v. Cochran, 23 Atl. Rep. (Pa.) 444; 29 W. N. C. 340; Reeves v. Henderson, 18 S. W. Rep. (Tenn.) 242; Bardwell v. Anderson, 32 Pac. Rep. (Mont.) 285.

Courts will not permit justice to be defeated where parties seeking a remedy have substantially complied with the law. Harland et al. v. Stuffbeam et al., 25 Pac. Rep. 686.

A person who knowingly permits any person to order improvements to be made for his premises, is liable to the mechanic or material man for the value thereof unless he relieves himself in the manner provided in section 1529, Compiled Laws, 1884. West Coast Lumber Co. v. Apfield et al., 24 Pac. Rep. 993.

Johnston & Finical for appellant, Mountain Electric Company.

Neill B. Field for appellees.

As to statutes on the subject of mechanics' liens see sections 1519, 1535, Compiled Laws, 1884.

Miles was not the owner or the agent of the owner within the meaning of the statute. The word "owner" as used in section 1520 of the statute does not mean necessarily the owner of the fee in the land upon which the improvements are made. The owner within the meaning of that section may own less than a fee simple estate. Sec. 1522, Comp. Laws, 1884; Francis v. Sayles, 101 Mass. 435; Phillips on Mechanics' Liens, secs. 83, 84, 191.

Where a bill fails to allege that the improvements were not mere trade fixtures, or that they became a part of the realty, a lien will not lie. Schettler v. Vendome Turkish Bath Co., 27 Pac. Rep. 76; Kellogg v. Littel, etc., Mfg. Co., 25 Id. 461; Baker v. Fessenden, 71 Me. 292; St. Clair Coal Co. v. Martz,

75 Pa. St. 384; Stout v. Sawyer, 37 Mich. 313; Coddington v. Beebe, 31 N. J. Law, 477.

The bill and notice are fatally defective in failing to show the relation between the owner and the person to whom material and labor were furnished, or by whom the complainants were employed. Warren v. Quade, 29 Pac. Rep. 827; Tacoma L. & M. Co. v. Wilson, Id. 829.

The facts alleged in the bill do not support a lien on the real estate. Brown v. Reno Electric Light & Power Co., 55 Fed. Rep. 229, and cases cited, supra.

FREEMAN, J.—These were proceedings to enforce mechanics' and material men's liens on the Armijo House, a hotel in the city of Albuquerque. They were consolidated and heard together in the court below. A demurrer was interposed by the adult defendants, which assigned, among other causes: (1) That two of the defendants were minors, and could not, therefore, either by themselves or guardians, create a lien on their real estate; (2) that the notice of lien showed that the contract for work and materials was entered into by the lien claimants with Miles, who was not the owner of the real estate, without showing what relation the said Miles sustained to the owners of the realty; (3) that the petition showed that a part of the improvement or structure, viz., a dynamo, belonged to one of the defendants, while the ground on which it was erected belonged to others of the defendants. The demurrer was sustained, with leave to the complainants to amend their bill. The complainants declining to amend, the bill was dismissed. On a subsequent day of the same term of the court, however, the complainants took leave to amend their bill by striking out the names of the minors and their guardian. Leave was likewise granted to the defendants to amend their demurrer by assigning the nonjoinder of the minors as a ground thereof. This order was made nunc pro tunc,

so as to relate to the day on which the demurrer was sustained. Thereupon, the bill and demurrer were considered as amended, and the bill stood dismissed.

The statute (Comp. Laws, sec. 1524) requires the lien claimant to set out in his notice, inter alia, the name of the person by whom he was employed, or to whom he furnished the material. The notice in question alleges "that George H. Miles is the name of the person who employed them to perform said labor and furnish said material." This is a literal compliance with the statute. It is insisted, however, that it does not meet the substantial requirements of the statute, in that it does not show the relation existing between Miles, who ordered the materials, and the other defendants, who are the owners of the property to be charged with the lien; that, as the notice is the foundation of the action, it must contain within itself averments sufficient to charge the property with the lien, and must therefore show that the party contracting for the labor or materials was an authorized agent of the owners of the property sought to be charged; that otherwise a mere stranger might, without the knowledge of the owner, create a charge upon the property. In support of this contention, we are referred to the cases of Warren v. Quade, 29 Pac. Rep. 827, and Manufacturing Co. v. Wilson, Id. 829, wherein the supreme court of Washington, construing a statute identical with ours, held that the notice must show the relation between the owner and the person to whom the materials were furnished. "It will be further seen," say the court, "from said notice, that the goods were not furnished to the owner directly, but were furnished to a firm named in the notice. In such a case, we think that the statement of terms and conditions of contract should show that such a relation existed between the firm to which they were furnished and the owner, as will bring it within the list of those who,

*Marginal note: Mechanics' liens: notice: bill: demurrer: sufficiency.*

under the lien law, could, for the purposes thereof, bind the owner." We can not accept this as a sound construction of our lien laws. Section 1520, Compiled Laws, provides that a lien shall attach whether the materials are furnished or labor done "at the instance of the owner of the building    *    *    *    or his agent; and every contractor    *    *    *    or other person having charge of the construction    *    *    *    shall be held to be the agent of the owner for the purposes of this act." Section 1524 requires the claimant to file for record his claim, prescribing what shall be set out in said claim. The appellants filed their claim as required by the statute, setting out everything required by the statute; among others, the name of the party at whose request the materials were furnished. This party, the bill states, was "in charge of the construction, improvements, alteration, and labor" on the building. If this is true, the statute makes him the agent of the owner "for the purposes of this act." It is insisted, however, that the bill can not be looked to, with a view to correct any error or omission contained in the notice. This would be true as to any positive and substantial defect, but there is none. The statute does not require that the lien claimant shall advise the owner that the lien was created by virtue of a contract made with his (the owner's) agent. It requires the claimant to give the owner the name of the party with whom the contract was made, and thereupon it becomes the duty of the owner, within three days after he shall have obtained knowledge of the contract, to give notice that he will not be responsible for the same. Comp. Laws, sec. 1529. Aside from the fact that the statute does not require the lien claimant, in his notice, to advise the owner of the relation existing between him and the claimant, what good purpose would such information serve? If the party claiming to be the agent of the owner is not in fact his agent, but a mere volunteer, no

one is in a better position to know that fact than the owner, and the statute affords him an opportunity to protect himself against any contract made by such unauthorized party. . He has only to give the lien claimant notice that he will not be responsible for the contracts of such party.   But suppose it should occur, as a matter of fact, that such contractor was not the agent of the owner, but a mere volunteer.   If, under such circumstances, the owner should allow him to contract debts for supplies on the credit of his supposed agency, without giving the mechanic or furnisher the required notice, then, in equity and good conscience, he ought to be bound by such contract.   The mechanic, in good faith, contracts with the supposed agent, gives the owner notice of the fact, and that he intends to claim a lien for his work.   The owner remains silent until the work is done, and then seeks to defeat the lien because the supposed agent was not authorized to make the contract, or, as in this case, because the lien claimant did not advise him that the contractor was his agent.   We do not think this reasoning sound. A substantial compliance with the statute is all that is required (Phil. Mech. Liens, p. 570); and, without undertaking to reconcile the somewhat conflicting authorities as to whether statutes, creating liens in favor of mechanics and material men should receive a strict or liberal construction, it is enough to say that our statute does not require the lien claimant to state in his notice the relations existing between the party contracted with, and the owner of the land or improvements.   Besides which, no good reason seems to exist why he should give the owner such information.   It may be that the mechanic does not know what relation exists between the parties, and the very purpose of the notice may be, in part at least, to ascertain from the owner whether the party contracted with is authorized to create the debt.   Should the owner, promptly, as

required by the statute, disclaim any such relation, the mechanic or material man may take steps to secure himself. If, however, the owner remains silent, it is to be presumed that the indebtedness was properly located, so that such owner will afterward be estopped to deny the authority of the supposed agent.

We have examined with some care the case of Heald v. Hodder, 32 Pac. Rep. (Wash.) 728, wherein the decision of the court in Warren v. Quade is examined and reaffirmed; and, with great respect for that court, the reasons assigned seem to us wholly insufficient to maintain the rule. The court admits "that there are some cases which hold that if the lien notice contains the allegations specially required by the statute to be set out therein, it is prima facie valid." The learned judge, however, proceeds to say that "such decisions do not so well harmonize with our views as those which hold that there must be sufficient facts set out in the lien notice to prima facie show that a lien can be enforced." If the court, by the use of this language, means to hold that setting out in his notice everything that the statute requires does not constitute even a prima facie claim in favor of the mechanic or material man, we think the decision stands alone, and unsupported by any authority, for, aside from the fact that the statute makes "every contractor, subcontractor, architect, builder or other person having charge * * * of the construction * * * the agent of the owner for the purposes of this act" (Comp. Laws, sec. 1520), such contractual relations, without the aid of the statute, would invest the contractor or builder with the authority to bind the property of the owner. It is not pretended that mere possession of the premises would authorize a mere tenant to create the lien. The tenant may be in possession for no other purpose than to take care of the premises. Baxter v. Hutchings, 49 Ill. 116; Proctor v. Tows, 115 Ill. 138, 3 N. E. Rep.

569.  But even in cases of this character, where the
tenant has no authority to improve, if the owner have
knowledge of the fact, and allow the tenant to create
the lien, he is estopped.   Higgins v. Ferguson, 14 Ill.
269; Donaldson v. Holmes, 23 Ill. 85.   But a contrac-
tor having charge of the erection or repair of a building
or structure is the agent of the owner for all the pur-
poses incident to such work, and, among others, that
of procuring material and employing labor, and inci-
dent to this is the authority to create the lien.   Parker
v. Bell, 7 Gray, 431; Neeley v. Searight, 15 N. E. Rep.
(Ind. Sup.) 598; Weeks v. Walcott, 15 Gray, 54; Clark
v. Kingsley, 8 Allen, 543;   Phil. Mech. Liens, 52–65.
"If he [the owner] has authorized the employment of
the laborer, the lien attaches by operation of law,
unless he takes the necessary measures to prevent it."
Clark v. Kingsley, 8 Allen, 545.   The fact appearing
that the materials were furnished, or the work done,
with the knowledge of the owner, the law creates the
agency.   Pomeroy v. Timber Co., 49 N. W. Rep.
(Neb.) 1131.   In short, so closely interwoven are the
relations existing between the contractor and the
owner that it has been held that a notice to the
owner that the material man held a lien by virtue of a
contract made with him (the owner) is satisfied by
proof that the materials were furnished under a con-
tract with the contractor.   Newhouse v. Morgan, 26
N. E. Rep. (Ind. Sup.) 158, citing Neeley v. Searight,
113 Ind. 316, 15 N. E. Rep. 598.   In the case of Lum-
ber Co. v. Gottschalk, 22 Pac. Rep. 862, the supreme
court of California, construing a statute identical with
ours, say:   "There is nothing in this section, or any
other, that requires the material man to state in his
claim of lien what relation the person to whom he fur-
nished the material bore to the owner,—whether con-
tractor or agent.   Nor does the burden of determining
whether any contract made, or attempted to be made,

between the owner and contractor was valid or not,
rest on him, when he comes to file his lien. He must
state the facts required by the statute.'' In view of
the almost unbroken chain of authorities, and in view
of the plain provision of our statute that makes the
contractor or person in charge of the improvement the
agent of the owner for the purposes of the lien, and of
the further fact that a mere stranger can create the
lien, if the owner have knowledge of the work, and
fails within three days to disavow his responsibility,
it is difficult to appreciate the reasoning by which it is
sought to interpolate the additional requirement (con-
fessedly not within the letter of the statute) that the
mechanic or material man shall, in addition to what
the law requires, advise the owner whether the party
in charge of the building or structure is his (the
owner's) agent, or a mere stranger. The name being
given, as required by the statute, who but the owner is
in a position to know whether or not he has given such
person authority to bind him? It is proper to observe,
in this connection, that one of the demurrants, Miles,
was himself the party in charge of the work, and the
party with whom the contract was made, and who also
had some personal interest in the improvements; and
yet he says that the claimants have no right of action
against him, because, forsooth, he is not advised by
complainants' notice whether or not he was authorized
to purchase the materials or contract for the work.

It is contended by the solicitor for the appellees
that, in addition to the foregoing, there is another
objection to the validity of the proceeding on the part
of the Mountain Electric Company and Smith & Pries-
ton, which is this: The bill shows that
defendant Miles contracted with complain-
ant company for a dynamo and fixtures,
and with complainants Smith & Prieston to put the
same in place, and that defendant Perfecto Armijo

IMPROVEMENTS:
realty: to what
lien attaches:
demurrer.

became the owner of the dynamo, and that the other defendants, excepting Miles, were the owners of the real estate; that it does not, therefore, appear that the dynamo became a part of the realty, but the contrary. The statute does not require, as a condition upon which the lien on the reality is made to depend, that the improvements should become a part thereof. The lien attaches to the "structure," and to the land upon which it is "constructed." Section 1520 provides that "every person * * * furnishing materials to be used in the construction * * * of any mining claim or other structure * * * has a lien on the same," and section 1522 declares that "the land upon which * * * any structure is constructed * * * is also subjected to the lien." The cases of Schettler v. Vendome, etc., Bath Co., 27 Pac. Rep. 76, and Kellogg v. Manufacturing Co., 25 Pac. Rep. 461, fail to support the defendants' contention that the structure must become a part of the realty, or a fixture, before the lien can attach to the land. In the latter case, it was held that the description of the land sought to be charged with the lien was fatally vague and uncertain, and that under the statute of that state (Washington) no lien could be maintained upon the building, as such, apart from any interest in the land upon which it is situated. The lien could not be enforced against the building, because it could not be separated from the realty, of which it was a part; and no lien could be enforced against the land, because it was not sufficiently described. In the Vendome case, it was shown that the work (repairing, moving, and refitting various steam and soil pipes connected with a bathing establishment) did not go toward the improvement of the building, in any way, but "were all independent of the building," and that under the statutes of that state no lien could be created on personal property; that, therefore, no lien of any character was created. The objection in

the case at bar proceeds upon the assumption that the dynamo was a mere "trade fixture," and did not become a part of the realty, and that, therefore, its erection on the lot in question did not create a lien on said lot. What constitutes a fixture has given rise to much discussion. Mr. Ewell, in his work on Fixtures, gives us three tests: (1) Real or constructive annexation of the article in question to the realty; (2) appropriation or adaptation to the use or purpose of that part of the realty with which it is connected; (3) the intention of the party making the annexation to make it permanent. Ewell, Fixt., p. 21. Accordingly, it has been held that a furnace is a fixture. Bank v. Bonacum, 51 N. W. Rep. (Neb.) 233. Whatever, as between vendor and vendee, passes by deed of the premises, without special enumeration, is a fixture. Watts-Campbell Co. v. Yuengling, 25 N. E. Rep. (N. Y. App.) 1060. Mr. Ewell lays it down as the clear tendency of modern authority to give preeminence to the question of intention. Ewell, Fixt., p. 22, and authorities cited. Tested by this rule, it is difficult to determine, on demurrer, whether the dynamo was or not to be regarded as a fixture. The bill states that .the structure (electrical apparatus) was put into the building under a contract with Miles, who had some interest in the building; that the alleged and reputed owner of the said electrical dynamo and apparatus is defendant Perfecto Armijo; "and your petitioners further represent that, if said Perfecto Armijo has any interest in said plant, it is subject to, and was acquired after, the lien hereinafter claimed attached." It is further charged that the improvement consisted of putting in place and equipping the dynamo, by connecting it with the other apparatus by means of wire attached to wall and ceiling; that said work constituted a part of a valuable improvement on the premises, etc. These statements in the bill bring the claimant clearly within the rule enti-

tling him to relief. And the fact that the structure, the dynamo, belonged to one party, and the land upon which it was placed to another, all of them being made parties defendants, does not make the bill demurrable. It is this power of a court of equity to bring together all the parties interested in the subject-matter of litigation, and adjust conflicting equities between them, that renders it a forum peculiarly adapted to the enforcement of liens. The same may be remarked of the interest of the two minors, Ambrosia Armijo and Anita Armijo. They were by the original bill made parties defendant, but on demurrer the bill, as to them, was dismissed. The district court, in any order that may be made, is clothed with ample authority to protect their interests in the premises. There is very high authority for the proposition that, where the property of an infant has been materially enhanced in value by improvements placed thereon under contract with the guardian, a court of equity is vested with authority to decree compensation out of the rents and profits. This doctrine was held by the supreme court of Kentucky in a case where it appeared that a building had been, not merely repaired, but entirely reconstructed, on a lot owned in part by an infant. Bent v. Barnett, 14 S. W. Rep. (Ky.) 596. If it should appear on a hearing that any portion of the property upon which the labor was performed, or in the construction of which the materials were used, did not become a part of the realty, or that the same was severed therefrom after the lien had attached, the decree can be so molded as to reach such property; so, also, as to the several interests in the realty, so far, at least, as they are represented by the adult owners. If, as alleged in the bill, the materials were furnished, and the work done, with their knowledge and consent, the lien attaches to their interests and the fact that Miles acted in the double capacity of a part owner or lessee, and the agent

of the others, does not alter his own liability, or that of those for whom he acted. It is simply a question as to whether the materials were furnished, and the work done, with the knowledge of such owners of the property as were capable, under the law, of entering into a contract. Whether the interest of the minors was or was not, under any circumstances, chargeable with a lien, they were, if not necessary, at least proper, parties to a proceeding that sought to subject to a lien property in which they had an interest. But, aside from the question as to whether they were proper parties, this defect in the bill, if defect it was, could be taken advantage of only by them, or by their guardian for them. It did not rest with the adult defendants to complain of the misjoinder. Such misjoinder did not in any manner affect their rights, or embarrass them in their defense. It is a well settled rule of equity pleading that a misjoinder of parties as defendants can be taken advantage of only by the parties improperly joined, or, at most, by such parties as may be injuriously affected by such misjoinder. Story, Eq. Pl., sec. 549. In view of the fact, however, that the joinder of the minors as defendants was assigned as one of the grounds of the demurrer interposed by all the adult defendants, it becomes unnecessary to determine whether they (the minors) were or were not proper parties. The adult defendants, having sought and obtained the dismissal of the bill as to them, are not in a position to complain that they are no longer parties. The order and decree of the district court, dismissing the bill, will be reversed. The cause will be remanded to said court, with instructions to reinstate it as to the adult defendants, and for further proceedings in accordance with the doctrine laid down in this opinion.

*BILL: joinder of minors, and dismissal of bill as to them: demurrer.*

O'BRIEN, C. J., and SEEDS, J., concur.

LEE, J. (dissenting).—The questions raised by demurrer in the court below, and which it is sought by appeal to have reviewed in this court, are elementary, and they were supposed to have been fully settled by well recognized authorities. The proceedings are in equity, and seek to enforce a mechanic's lien against the interest of persons who are part owners to the legal title of certain real estate, for some improvements claimed to have been put on the property by one George H. Miles, who, it is alleged in the notice of lien (which is made part of the bill of complaint), was the lessee of the property sought to be charged in the lien. Yet it is not alleged that there was any express permission in the lease, authorizing him to make any such improvements. It is well settled that the lessee can not bind the interest of the lessor by a mechanic's lien on the property without the lessor has, by some express act, made his estate liable. 15 Am. and Eng. Encyclopedia of Law, p. 165, and case therein cited. The only thing set forth in the bill of complaint, calculated to bind the owners, or to create a liability against them, is that they knew the improvements were being put upon the property, and this is not sufficient. It has thus been held where the lessee erects buildings on leased land in the absence of express permission in the lease, the owner failing to consent; and even his assisting in the erection of the building under the lessee did not constitute consent, within the meaning of the mechanics' lien law, and no lien for labor or material attaches to the land. Havens v. Electric Light Co., 17 N. Y. Supp. (Sup.) 580. To the same effect is Williams v. Vanderbilt, 30 N. E. Rep. (Ill. Sup.) 458. Besides, in this case, it affirmatively appears in the bill that the machinery, material, etc., put on the property by the lessee, George H. Miles, for which a claim is sought against the owners, was sold by him to one Perfecto Armijo. It is there-

fore made to appear in the bill that they are not, and never were, the property of the owners of the building; that the materials furnished were mere trade addition interests, for temporary convenience, and removable by the tenant at his pleasure. Machinery placed by an electric light company in a building erected by them on leased land does not become a part of the realty, and may be removed by the creditor on execution. Havens v. Electric Light Co., supra.

There is another fatal defect to the bill raised by the demurrer, and that is defect of parties. Where the law, as in this territory, only gives a lien against the legal interest or estate, the owner of the legal title is a necessary party. Phil. Mech. Liens, sec. 394; Peabody v. Society, 5 Allen, 540. The complaint sets forth who the owners of the legal title sought to be charged are, and afterward complainants dismiss as to the infant heirs and guardian, leaving the case destitute of the necessary parties to obtain the relief sought. In such cases the general rule applies that he who is, at the time the suit is commenced, the owner of the building or structure upon which the lien is sought to be enforced, is a necessary party defendant, without whose presence the lien can not be declared or enforced. Hughes v. Torgerson, 11 So. Rep. (Ala.) 209; 15 Am. and Eng. Encyclopedia of Law, 165, and cases there cited. Or, as stated in other cases: "So, where a lien is sought to be enforced by filing a bill in chancery, a purchaser of the property before or after the filing of the notice of lien, but before the commencement of the suit to enforce the same, is a necessary party to such suit. A proceeding without them would be a nullity." Decker v. Myles, 4 Colo. 558; Marvin v. Taylor, 27 Ind. 73; Rice v. Hall, 41 Wis. 453; Lampson v. Brown, Id. 484; Green v. Sanford, 51 N. W. Rep. (Neb.) 967; Lowe v. Turner, 1 Idaho, 107. In Wright v. Cowie, 31 Pac. Rep. (Wash.) 878, it is held

that the proceedings failed for the reason that the notice of lien showed that a person held a leasehold interest, and yet was not made a party to the suit, and it further holds that a mechanic's lien can not be enforced against a part interest in the building.

In this case the notice of lien and the bill of complaint show that part of the owners were infant heirs, wards of chancery, which would require an order of court to authorize their estate to be bound, and none is shown. The notice of lien in this case was not sufficient. The requirement of the statute as to notice in this territory is the same as in the state of Washington, both being taken from the state of California. The statute in this respect was construed by the supreme court of the state of Washington in the cases of Warren v. Quade, and Manufacturing Co. v. Wilson, 29 Pac. Rep. 827–829; and it is therein held: Where the goods, material, etc., were not furnished to the owners, directly, but were furnished to a firm or person named in the notice, in such case the statement of the terms and conditions of the contract should show that such relations existed between the person to whom they were furnished and the owners as would bring him within the list of those who, under the lien law, could, for the purpose thereof, bind the owners. In this case it can not be claimed that the notice of lien shows any such relation between Miles and the heirs as would authorize him to bind them. But, on the contrary, it sets forth in the notice that the claimant had no knowledge of the terms or conditions of the contract between George H. Miles and the owners of the premises. But it shows that he was their lessee, which precludes the power of his binding them by his contract for improvements, without such authority was expressly given in his lease, which is not shown. The case, therefore, not only comes under the rule in the Washington cases, which requires that the notice shall show that such a relation

existed between the person to whom such material was
furnished and the owners as, under the statute, as con-
strued by the court, would bind them; but it affirma-
tively appears in the notice that no such relation existed,
by showing such a state of facts that it could not have
been part of the terms and conditions of the contract,
without further showing that such authority was dele-
gated in his lease, which is not claimed. In the case
of Warren v. Quade, supra, the case was reversed, and
remanded to the court below, with instructions to dis-
miss the action. In the case of Manufacturing Co. v.
Wilson, supra, the judgment of dismissal below was
affirmed, for the reason that under the same statute the
notices of lien were insufficient, and lacking in the same
particular as this under consideration, except that in
the case under consideration there are other material
defects raised by the demurrer, some of which have
already been referred to. The supreme court of Wash-
ington, in Heald v. Hodder, 32 Pac. Rep. 728, after a
careful consideration, reaffirms the rule laid down in
the above case, and gives additional reasons for the
construction given the statute by that court. This case
clearly illustrates the reason for the rule. When it is
shown that the relation of the person to whom the
material was furnished and the owners was that of
lessee and lessors, it is clear that the lessee could only
bind his leasehold interest, without the owners had
lawfully authorized him to make the improvements;
and the owners, in this case, as they were infants, could
not do so without an order of court, which was not
shown. The mere fact that one is in the lawful pos-
session and control of lands does not give him au-
thority to contract for the construction of buildings
thereon, so as to give the contractor a mechanic's lien
thereon. Lumber Co. v. Wilson, 19 S. W. Rep. (Ark.)
974. The agent of the owner may subject the property
of his principal to a mechanic's lien for labor done or

material furnished under a contract for building pur-
poses, when shown he had authority to make such
contract with the owner.    Paulsen v. Manske, 24 Ill.
App. 95; Id., 126 Ill. 72, 18 N. E. Rep. 275;  Moore v.
Jackson, 49 Cal. 109; The James H. Prentice, 36 Fed.
Rep. 777; Baxter v. Hutchings, 49 Ill. 116;  McDonell
v. Dodge, 10 Wis. 106.    See Redman v. Williamson, 2
Iowa, 488;  Woodward v. Railway Co., 39 La. Ann.
566; 2 So. Rep. 413; Owens v. Northrup, 30 Wis. 482;
Cornell v. Barney, 94 N. Y. 394;  Scales v. Paine, 13
Neb. 521, 14 N. W. Rep. 522;  Copeland v. Kehoe, 67
Ala. 594.    But a special agent employed for a particu-
lar purpose only, and not connected with the subject
of building, can not bind the building for labor or
material, with a mechanic's lien.    McDonell v. Dodge,
10 Wis. 106; Proctor v. Tows, 115 Ill. 138, 3 N. E. Rep.
569.    He might be in possession merely to take care of
the property, or he might be an agent to rent it, or to
sell the property; and in either event he would have no
authority to contract for improvements upon it, and his
contracts for that purpose would not bind the owner.
Statutes authorizing mechanics' liens are in derogation
of the common law, and must be strictly construed.
Hobbs v. Spiegelber g, 3 N. M. (Gil.) 361.    As to
the cases of E. J. Post & Company and A. E. Staehlin,
they are subject to the same defects as the case above
considered, as to the insufficiency of notice and the
defect of parties.