MAHON v. GUILFOYLE et al., (three cases.)

(Common Pleas of New York City and County, General Term. March 7, 1892.)

CONTRACTOR'S LIEN—PART PERFORMANCE OF CONTRACT.

Plaintiff let G. into the benefit of certain partly performed street grading contracts,. G. to pay $1,500, and to remove certain excavated material in consideration thereof. G. died about six weeks after the execution of this contract, having performed a portion of it, but without having paid the $1,500. G.'s administrators did some work on the contract, but finally abandoned it, and it was completed by plaintiff. *Held*, in an action to vacate liens claimed by the administrators for the work done by themselves and by their intestate, the contract price of the work not being divisible, and the work having been abandoned before completion, that the administrators were not entitled to the lien.

Appeal from judgment on report of referee.

Three actions by Bernard Mahon against Anna M. Guilfoyle and Michael J. King, individually and as administratrix and administrator of William. Guilfoyle, deceased, to vacate contractors' liens. From judgments for plaintiff in each case, defendants appeal. Affirmed. For decision on motion to dismiss appeal, see 16 N. Y. Supp. 955, *mem.*

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Griffin & Prosser*, (*Robert G. Ingersoll* and *Mason F. Prosser*, of counsel,) for appellants. *Kellogg, Rose & Smith*, (*L. Laflin Kellogg*, of counsel,) for respondent.

BOOKSTAVER, P. J. These appeals present substantially the same questions, and it was stipulated that the testimony taken in any of the cases might be read in the others as if taken on the trial of that action, and it is necessary, therefore, to consider the three cases together. From the evidence, it appears that the respondent was the owner of two contracts, which he had entered into with the mayor, aldermen, and commonalty of the city of New York,—one for regulating, grading, and curbing 138th street from the boulevard to Tenth avenue, made between him and the mayor, etc., on the 26th of February, 1887, and the other for filling Edgcombe avenue between 141st street and 145th street, made between the same parties on the 30th. October, 1886; and of still a third, for regulating, grading, and filling 132d. street from Tenth avenue to Broadway, assigned to him on the 3d of March, 1887, by Frederick Thilemann, Jr., with the work partly done. The three actions were brought, among other things, to declare the separate liens filed by the appellants on the 2d day of July, 1887, against the moneys alleged to be due on these contracts, void, and to procure them to be canceled and discharged of record. Such an action is authorized by paragraph 1829 of the consolidation act, which provides that "actions to determine or terminate such liens may be commenced by the said contractor or the city in any court. of competent jurisdiction." The referee has found, without exception on the part of the appellants, that on the 9th day of March, 1887, the plaintiff (respondent) entered into an agreement with one William Guilfoyle, now deceased, by the terms of which it was agreed that Guilfoyle should pay to the plaintiff the sum of $1,500 in consideration of the amount of money that would be due to Bernard Mahon for the regulating and curbing of 138th street from the boulevard to Tenth avenue; and Guilfoyle further agreed to place the excavation which was to be done on 138th street from Tenth avenue to the boulevard on 132d street, from Tenth avenue to Broadway, and the remainder of the material from 138th street he agreed to put in the filling of Edgcombe avenue, between 141st and 145th streets, and, in consideration of doing that work, the respondent agreed to pay to Guilfoyle one-half of the moneys, after paying for the material used on said street, received from the city of New York for the contract relating to 132d street between Broadway and Tenth avenue. It is conceded that the $1,500 was not paid, and it is.

also conceded that the contracts were finished by the respondent. It appears from the evidence that William Guilfoyle died on the 22d April, 1887, after he had performed more or less work upon these contracts; that thereafter some work was done by the appellants, as his legal representatives. The referee has found that the appellants thereafter abandoned the work under the contracts, and the respondent was compelled to complete them. There is no doubt but that the evidence fully justified the referee in this finding. It was testified to not only by the plaintiff, and several witnesses on his behalf, but Mrs. Guilfoyle herself practically admits it, and even admitted it in writing, although on the trial she claimed that she did not fully understand the language of the receipts given by her, as well as that she did not understand the full purport of the contract; but her acts and declarations in regard to the abandonment are clear and decisive. This contract was an entire one. It required—*First*, the doing of the entire work on 138th street; *second*, the taking of all that excavation to Edgcombe avenue or 132d street; *third*, the paying of $1,500 to the plaintiff out of the moneys obtained on 138th street; and, *fourth*, the receipt by Guilfoyle of one-half of the 132d-Street money, after paying for the material. None of these promises and covenants on the part of William Guilfoyle were carried out, either by him or his administrators. None of the contracts were fully completed, and none of the moneys paid. The 138th-Street contract was not substantially completed, as only $844 had been earned by all of the parties up to June 13, 1887. It is therefore a contract in which the price is not divisible, and in which no payment could be demanded until performed entirely, or at least substantially. *Butler* v. *Butler,* 77 N. Y. 472; *Smith* v. *Brady,* 17 N. Y. 173; *Crane* v. *Knubel,* 61 N. Y. 645. And it is well settled that where there is an abandonment of the work by a mechanic before its completion, without any fault of the owner, there can be no lien. Phil. Mech. Liens, 193; *Kinny* v. *Sherman,* 28 Ill. 520; *Dennistoun* v. *McAllister,* 4 E. D. Smith, 729; *McNeil* v. *Clement,* 2 Thomp. & C. 363; 15 Amer. & Eng. Enc. Law, p. 78, and cases there cited.

But appellants contend that the respondent, after Guilfoyle's death, made a contract with his widow, before letters of administration were granted, whereby she individually undertook to complete the work, and that thereby the personal representatives of Guilfoyle were prevented from doing it, or were relieved from the necessity of completing the work, and consequently that they had a valid lien at least for the work actually done by Guilfoyle before his death. The difficulty with this position is that there is no finding by the referee that such a contract was ever made, nor was there any request made to him to find that fact. We have examined the testimony upon that subject, and do not think that it would have justified such a finding on the part of the referee had it been made. It is true that there was a conversation between the respondent and Mrs. Guilfoyle soon after her husband's death, and before her appointment as administratrix, in regard to the continuance of the work, but we think it looked to the continuance of that work, not by Mrs. Guilfoyle, on her own account, but as representative of the estate, when she should have been appointed such; at any rate, it is clear that nothing was done on the faith of that conversation until after she and Mr. King were appointed administratrix and administrator of Guilfoyle's estate on the 30th day of April, 1887, and the money referred to in that conversation was not loaned until the 2d of May, 1887. Besides this, it is difficult to see how the making of such an agreement with Mrs. Guilfoyle, the widow, could relieve Mrs. Guilfoyle, the administratrix, from performing the contract; she cannot thus separate herself into two different characters, so as to relieve her in one capacity from doing the work which she undertook to do in the other. Had the lien been filed merely for work done by William Guilfoyle in his life-time, and which he was prevented from completing on account of his death, it is possible that it would have been held sufficient to maintain an action upon a *quantum*

*meruit* under such circumstances. But it was not the theory upon which the liens were filed. The appellants contend either that they had fully completed the work, or had been prevented from so doing by the respondent, which is not the case. Having arrived at this conclusion, it is not necessary to determine whether or not the lien is invalid because the defendants have not stated therein the terms, time given, and conditions of the contract, or whether or not the lien is invalid because the personal representatives of the deceased had no right or authority to file the lien for work done during the life of William Guilfoyle. It may be further said that the conclusion to which we have arrived works no substantial injustice to the appellants. The plaintiff was entitled to $1,500, and to have his work done on 138th street, and, besides that, filling furnished for 132d street and Edgcombe avenue. Instead of receiving this money with this work, he was obliged to finish the work under the entire contract, under penalties for delay imposed. Up to July 15, 1887, he and Guilfoyle and Guilfoyle's representatives together had only earned $844.52; the $1,500 he never received. In the Edgcombe-Avenue contract the amount earned, according to the city surveyor, on the 16th of June, 1887, when he took the measurements, was 7,465 cubic yards, which, at 25 cents per yard, amounted to $1,866.25. Guilfoyle was paid $1,500 on account of this contract. Had Guilfoyle lived and kept the contract, and worked steadily on it until the 16th of June, there would then have been due to him only $366.25. But from the 1st to the 16th of June, the plaintiff was engaged in doing the work which Guilfoyle should have done, and it is much more than probable that that work, together with the penalties, would have left nothing whatever due upon that contract. As to the 132d-Street contract, it was shown that the plaintiff, after the abandonment of it by Guilfoyle and his representatives, furnished 3,000 cubic yards of filling. There is no evidence from which we can determine how much filling Guilfoyle did. If he had furnished the whole remaining 4,177 yards at 28 cents, there would have been due on this, $1,169.56, from which should have been deducted the penalties caused by delay, leaving a balance of $489 only, of which Guilfoyle would have been entitled to one-half, $244.50, after the payment for stone curbing, the price of which has not been proved in this case, but which in all probability equaled this amount. Besides that, in this particular case, the respondents and Guilfoyle were jointly interested in it, and in the profits to be made from it. It is therefore difficult to perceive how any lien could, under such circumstances, be acquired by one of the parties as against the other. The judgments in each of these cases should therefore be affirmed, with costs. All concur.