[No. 341.  Decided May 12, 1892.]

TACOMA LUMBER AND MANUFACTURING COMPANY, Re-
spondents, v. J. W. KENNEDY, MARIE H. KENNEDY AND
AUGUST CULTUM, Appellants.

MECHANICS' LIENS—SUFFICIENCY OF NOTICE.

A notice of claim of lien reciting that it is for materials furnished
in the construction of buildings, improvements and structures upon
certain land, without naming the kind of materials furnished, or the
character or number of buildings, in which the materials were used,
is insufficient.

*Appeal from Superior Court, Pierce County.*

The facts are stated in the opinion.

*John C. Stallcup* and *Stanton Warburton,* for appellants.

*E. T. Dunning,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—This was an action brought to foreclose a
mechanic's lien.   Judgment was rendered in favor of
plaintiff, and defendants appealed.   One of the questions
raised, and the only one that it is necessary to determine,
goes to the sufficiency of the lien notice.   It recites that
plaintiff claims a lien against the property hereinafter de-
scribed for materials furnished in the construction of build-
ings, improvements and structures thereon, without in any
wise naming the kind of materials that were furnished, or
the character or number of buildings or improvements, in
the construction of which said materials were used; nor
does it give any information whatever as to whether or not
there were one or more buildings erected upon said prem-
ises, in which said materials were used, or what the nature
of the improvements was, or whether a portion of the ma-
terial was used in the construction of the building and a

portion of it in the erection of some other improvement; nor does it afford any information as to the character of the material in any way. The owner is certainly entitled to this information in order that he may inform himself as to the justness of the claim; he should not be compelled arbitrarily to pay a claim of this kind without any information whatever as to its merits. This is practically admitted by the respondent, but it is contended that the information is afforded to the owner upon the bringing of the action to foreclose the lien. The information at this time, however, comes too late; it comes with a bill of costs, which he has had no opportunity to avoid, excepting by the payment of the lien claim, without any information as to what it was really for other than that it was for some kind of material furnished for one or more buildings, or for some kind of an improvement or improvements upon the premises described.

We have decided in the case of *Warren v. Quade,* 3 Wash. 750, that the statement in the lien notice of the terms and conditions of the contract should also include a sufficient description of the materials furnished or the work done, to enable the owner to intelligently determine as to the *bona fides* of such contract. The only recital of the terms and conditions of the contract under which said materials were furnished in this lien notice is, that the "terms and conditions under which said materials were furnished were as follows: Payments to be made when materials should be furnished; that the said company has furnished all the materials required of it by said contract;" and it seems to us that this is not a sufficient statement. There must have been some stipulations in the contract as to what kind of materials were to be furnished, and the quality of the kind or kinds, and a statement of these is more material to the owner of the premises than the bare statement that the materials were to be paid for

when furnished. We do not decide that the notice shall contain an itemized account, but it should be sufficiently definite to fairly apprise the owner of what he is charged with, what kind of materials, and what the same were furnished for. The contract in question was not made with the owner of the property, but was made by a subcontractor with the original contractor.

It follows from what has been said that the judgment in this case must be reversed, and it is so ordered; and the cause is remanded to the court below with instructions to dismiss the action.

ANDERS, C. J., and HOYT, DUNBAR and STILES, JJ., concur.