[No. 352. Decided February 24, 1892.)

W. G. WARREN AND E. J. HINES, *Respondents*, v. OTTO QUADE, D. S. MOORE, FRANCIS HALL AND DOUGLAS FAIRCHILD, *Appellants*.

### MECHANICS' LIENS—SUFFICIENCY OF NOTICE OF LIEN.

Under § 1667, General Statutes, requiring a claim of lien to contain a "descrip.ion of the property to be charged with the lien sufficient for identification," a notice, which claims a lien on certain lots of land for labor performed in doing tinning and iron work, is insufficient when it fails to allege that the building on which the work was done was situated on said lots.

Under the provisions of said § 1667, requiring the notice of claim of lien to contain "a statement of his (the claimant's) demand, after deducting all just credits and offsets, with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed, or to whom he furnished the materials, with a statement of the terms and conditions of the contract, if any," a notice is defective which shows that the goods were furnished to, or the labor performed for, a firm named in the notice and not to, or for, the owner directly, and which fails to show such a relation existing between the firm to whom they were furnished and the owner as will bind the owner under the lien law.

The terms and conditions of contract set forth in a claim of lien should include a sufficient description of the materials furnished or work done to enable the owner to intelligently determine as to the *bona fides* of such contract and the reasonableness thereof.

*Appeal from Superior Court, Pierce County.*

The facts are stated in the opinion.

*H. W. Lueders*, for appellants.

*O'Brien & Hedger*, for respondents.

The opinion of the court was delivered by

HOYT, J.—This action was brought to foreclose a lien for work done and materials furnished in the erection of a certain store building owned by defendant Otto Quade, and

situated on certain lots in the city of Tacoma. The work was done and the materials furnished under a contract made with the firm of Moore & Company, which was alleged in the complaint to be the contractor for the erection of the building. Numerous questions are presented by the record and have been argued by counsel, but the view which we take makes it unnecessary that we should consider any of them, excepting those relating to the sufficiency of the lien notice. The said notice of lien is substantially as follows:

"Notice is hereby given that Wm. G. Warren and E. J. Hines, of Pierce county, State of Washington, claim a lien upon lots numbers twenty-eight (28) and twenty-nine (29), in block number seven hundred and nine (709) in the city of Tacoma, county of Pierce, Territory of Washington, for labor performed and assistance rendered in doing tinning and iron work.

"That the name of the owner or reputed owner is Otto Quade. That Messrs. Moore & Co. employed said Warren & Hines to perform such labor and render such assistance upon the following terms and conditions, to wit: The said Moore & Co. agreed to pay the said Warren & Hines for such labor and assistance in putting on and doing the work, and furnishing the material for tinning and iron work, the sum of four hundred and sixty-five dollars.

"That said contract has been faithfully performed and fully complied with on the part of said Warren & Hines, who performed labor upon and assisted in tinning and iron work according to their contract aforesaid; that for extra work claimants demand $12.35.

"That said labor and assistance were so performed and rendered upon said building aforesaid between the 15th day of July, 1889, and the 25th day of August, and the rendition of said services was closed on the 25th day of August, and ninety days have not elapsed since that time; that the amount of claimant's demand for said services is four hundred and seventy-seven $\frac{35}{100}$ dollars; that no part thereof has been paid except three hundred dollars, and there is now due and remaining unpaid thereon, after deducting all just credits and offsets, the sum of one hundred and seventy-seven

$\frac{35}{100}$ dollars, in which amount he claims a lien upon said lots aforesaid."

And, in our opinion, so failed to comply with the statute as to make it void and of no effect for the purposes for which it was given. The provisions of the statute providing what such lien notice shall contain are contained in § 1667, General Statutes, and are substantially as follows:

"Every person must . . . file for record with the county auditor . . . a claim containing a statement of his demand, after deducting all just credits and offsets, with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed, or to whom he furnished the materials, with a statement of the terms and conditions of the contract, if any, and also a description of the property to be charged with the lien, sufficient for identification."

From which it will be seen that one of the requisites of the notice is, that the property to be charged should be described. This requisite is entirely omitted in the notice under consideration; for while it is true that it states that a lien is claimed upon certain described lots of land, it nowhere appears that the building on which the work was done was situated on said lots. In fact, it does not appear from said notice that the work had been done upon any building, improvement or structure. The reference to the "building aforesaid," in the clause relating to the time when the work was done, was without force, as no "building aforesaid" anywhere appeared in the notice. This omission is fatal. It needs no argument to show that a lien cannot be maintained on certain lots unless the building upon which the work was done is situated on or connected with said lots. The statute gives a lien upon the building and so much land upon which the same is situated as is necessary to the convenient use thereof, and the notice must show that the lien is claimed upon the building upon which

the work was done, and when the notice fails to assert any claim as against the building which is the primary subject of the lien, the attempt to assert such claim on the land, which at best is but the secondary subject, must fail. The lien upon the land is incident to the lien upon the building, and only given for the reason that without it the lien upon the building would be without value. No other conclusion can be gathered from the entire scope of the law relating to this subject; but, as we have seen, this notice not only did not claim a lien upon a building upon the lots to be charged, but also failed to claim a lien upon any building at all.

It will be further seen from said notice that the goods were not furnished to the owner directly, but were furnished to a firm named in said notice. In such a case we think that a statement of the terms and conditions of the contract should show that such a relation existed between the firm to which they were furnished and the owner as will bring it within the list of those who under the lien law could, for the purposes thereof, bind the owner. The terms and conditions of the contract should also include a sufficient description of the materials furnished or work done to enable the owner to intelligently determine as to the *bona fides* of such contract, and the reasonableness thereof. The notice in question failed to comply with either of these requirements. It may be suggested in argument, however, that all these facts are made to appear by the complaint, and that it is not necessary that they should be contained in the notice; that the only object of the notice is to advise the owner and all others interested that a lien exists which is to be asserted against certain property. If this were so, it could not excuse a failure to properly describe such property, as without such description there would be no notice to anybody as to what the lien was to be asserted against. We think, however, that the statute, ever so liberally

construed, cannot be held to authorize the construction thus contended for. If such had been the intent of the legislature, there would have been no need of enacting anything upon the subject of the requirements of such notice, excepting that it should state the amount of the lien and the property upon which it was claimed. But it will be seen from the quotation from the statute above given that the legislature has seen fit to provide as to the requirements of the lien notice in various other respects, and, to give effect to the evident intention of the legislature, these requirements must be so construed as to result in something beneficial; and we think that the intention of the legislature was that such lien notice should not only advise those interested that a lien in a certain amount was claimed upon certain property, but that in addition thereto those interested should be enabled to gather therefrom all the information necessary to a proper investigation and determination of the facts, so that they could act intelligently in dealing with the subject-matter of said lien. If such was not to be the construction of this statute, of what use was it to require any statement of the terms and conditions of the contract at all, or that the name of the person for whom the work was done should be given? So far as we can see, these are idle provisions of the statute unless they are to have such an interpretation as will make them of some value to the owner of the property sought to be charged with such lien. Beside, if the only intent of the legislature had been to provide for the notice of the amount of the lien and a description of the property, the requirement that such notices should be verified as being just and true would be of little value; but with the interpretation which we think the act should receive, such verification becomes of great benefit to the owner of the property and others interested therein.

Some other criticisms could be made of this lien notice,

but sufficient has been said to show that, in our opinion, it is absolutely void and of no effect. The result of this determination will be, under the rule laid down by this court in the case of *Eisenbeis v. Wakeman, ante,* p. 534, decided at the last session, that the action must de dismissed.

The judgment, therefore, will be reversed, and the cause remanded with instructions to dismiss the action.

ANDERS, C. J., and STILES, DUNBAR and SCOTT, JJ., concur.