[No. 289. Decided February 24, 1892.

TACOMA LUMBER AND MANUFACTURING COMPANY, *Appellant*, v. CHARLES
G. WILSON, MARTHA E. WILSON, PETER WALLIN AND LEAVITT
BATES, *Responde..ts*.

*Appeal from Superior Court, Pierce County.*

*E. T. Dunning* (*Harris A. Corell*, of counsel), for appellant.
*Tripp, Town, Likens & Dillon*, for respondents.

The opinion of the court was delivered by

HOYT, J.—This case presents substantially the same questions as
that of *Warren v. Quade, ante*, p. 750, just decided. The material por-
tion of the notice of lien was as follows:

"Notice is hereby given that the Tacoma Lumber and Manufactur-
ing Company, a corporation, of Pierce county, Washington Territory,
claims a lien against the property hereinafter described, for materials
furn.shed in the construction of buildings, improvements and struc-
tures thereon.

"That its demand is four hundred forty-eight and $\frac{14}{100}$ dollars, af-
ter deducting all just credits and offsets. That the name of the owner
or reputed owner of said premises is Charles G. Wilson.

"That Peter Wallin is the name of the person to whom such mate-
rials were furnished. That the terms and conditions of the contract
under which said materials were furn'shed were as follows: Payment
to be made in cash when all materials were furnished.

"That said company has furnished all the materials required of
it by said contract, and ceased to furnish said materials on the 20th
day of August, 1889. That the property to be charged with said lien
is described as follows: Lots thirteen and south half of twelve, in
block nineteen hundred and nine of Burns & Blinn's addition to
the city of Tacoma, in the county of Pierce, and State of Washing-
ton, according to the plat filed with the auditor of said Pierce
county."

From the opinion in the case above cited it will be seen that the
requirement of the statute as to the statement of the terms and con-
ditions of the contract are not complied with unless it is made to
appear from such statement what materials were furnished. Such
opinion further decided that when the materials are not furnished
directly to the owner of the property the relation which the person
to whom they are furnished occupies to such owner should be so
stated as to bring him within the list of those who, under the lien
law, are authorized to bind such power. The notice in this case
fails to at all comply with either of these requirements, and must
for the reasons stated in the case above referred to be held to be
void.

Aside from these questions, it is doubtful whether or not it suf-
ficiently appears from said notice that the materials were furnished

in the construction of any structure upon which a lien is authorized. We do not now decide this latter question, but would suggest that the allegation that the "materials were furnished in the construction of buildings, improvements and structures". is of doubtful authority. It is simply a repetition of the language of the statute, and does not furnish the owner with that definite information as to the subject matter of the lien claimed which it may be held that he is entitled to have.

The judgment of the lower court, dismissing the action, will be affirmed.

ANDERS, C. J., and STILES, DUNBAR and SCOTT, JJ., concur.