[No. 442. Decided July 15, 1892.]

WHEELER, OSGOOD & Co. *et al.*, *Respondents*, v. JACOB
RALPH *et al.*, *Appellants.*

COURT COMMISSIONER—REFERENCE—REPORT—WAIVER OF OBJECTIONS—
ADDITIONAL REPORT—MECHANICS' LIENS—NOTICE—JURY TRIAL—
ORDER SEVERING CONSOLIDATED ACTIONS.

Where a cause has been referred to a court commissioner, and the
record shows that the issues were settled some days before testimony
was taken, and it does not appear that the commissioner reported his
findings of fact prior to the completion of the testimony as to the
issues involved in the decree, and there was no offer of additional tes-
timony on the part of defendants at any time, an objection that the
cause was referred to the commissioner before the issues were made
up, and that he found and reported the facts before the testimony
was all taken, will be disregarded on appeal.

Where a lien notice is offered in evidence for the purpose of estab-
lishing the lien, all questions going to the sufficiency of the notice, if
not raised at the time of its offer, will be deemed waived.

Where parties to an action, on hearing before a court commis-
sioner, agree that the commissioner shall fix the attorney fees in the
case, no proof is necessary as to what constitutes reasonable attorney
fees.

A court commissioner may, on the order of the superior court,
after the filing of a report in a cause referred to him, make a supple-
mental report concerning stipulations entered into between the par-
ties before him.

It is not necessary for the lien notice to name a particular build-
ing, where a number of buildings are constructed upon contiguous
lots under one contract between the same owner and the same con-
tractors, the materials furnished being used indiscriminately in all the
houses, and there being no intervening rights of third parties.

An action to foreclose a mechanic's lien being one triable in equity,
it is within the discretion of the court to grant or refuse a jury trial
as to any questions of fact involved in actions consolidated for the
purposes of trial with the action of foreclosure.

Where several actions between the owner of a building, the con-
tractors for its construction, and lien claimants thereon have been
consolidated, by order of court, a subsequent order directing an issue
to be made up between the owner and contractors, has the effect of
segregating to that extent the actions theretofore consolidated.

*Appeal from Superior Court, Pierce County.*

*Pritchard, Stevens, Grosscup & Seymour,* and *Snell & Bedford,* for appellants.

*A. A. Knight, Parker & Williamson,* and *Griggs & Lockwood,* for respondents.

The opinion of the court was delivered by

Scott, J.—Jacob Ralph, being the owner of certain real estate situated in the city of Tacoma, contracted with the Puget Sound Building Company, composed of John Anderson and Alexander Almquist, for the erection of certain buildings thereon, and W. P. Sundberg, H. Nyman, Peter Holmgren and Nels P. Olson joined in said contract as third parties, becoming responsible for the carrying out of the contract by the said Puget Sound Building Company. Subsequently Wheeler, Osgood & Company, who furnished certain materials to said contractors, which were used in the construction of said buildings, filed a notice of lien upon the premises therefor, and brought an action to foreclose the same. Jacob Ralph filed an answer and cross complaint, alleging that he had no knowledge or information sufficient to form a belief as to the amount or value of said alleged materials, and for the purpose of placing said claim in issue he denied that any of said materials were purchased for or used in the construction of said houses, or any of them, and further denied that they were of the value stated in the complaint. There was no denial of the filing, or of the sufficiency, of the lien notice. In his cross complaint he set up the contract, and alleged that the defendants Anderson and Almquist thereby contracted to construct said houses according to certain plans and specifications, furnished by one Robertson therefor, which houses were to be completed on the 20th day of June, 1890, in consideration of which he agreed to pay sixteen thousand

three hundred and ninety dollars; and alleged that the contract further provided in case of failure to complete said houses on the 20th day of June, 1890, said Anderson and Almquist were to pay to him fifteen dollars for each day the fulfillment of the contract was delayed beyond the time specified. He further alleged that said contract contained the following:

"The said W. P. Sundberg, H. Hyman, Peter Holmgren, Nels P. Olson, as parties of the third part, are held and firmly bound unto said Jacob Ralph, party of the first part, in the sum of six thousand dollars of good and lawful money of the United States, to be paid to said Jacob Ralph, his heirs, executors, administrators and assigns, which payment well and truly to be made, they bind themselves, their heirs, executors, administrators, and each of them, by these presents. The condition of this obligation is such that the above bounden Alexander Anderson and John Almquist, said parties of the second part, their heirs, executors and assigns, shall in all things stand to and perform the conditions, covenants and agreements mentioned and contained in the foregoing contract for the buildings this day entered into by and between them and the said Jacob Ralph, to be kept and performed at the time and in the manner and form therein specified, then this obligation shall be void; otherwise to remain in full force and effect.

Which obligation and bond was duly signed, executed and delivered by the defendants aforesaid.

He alleged that on the 16th day of February, 1890, he delivered possession of said real estate to said Anderson and Almquist, and provided the same in all respects ready for them to begin work on said day, which was the time fixed in the contract; and that he had at all times complied upon his part with the terms and conditions of said contract, and that he had paid to said Anderson and Almquist, or persons authorized by them to receive the same, all of said sums save and except the sum of $4,198.00, which remained unpaid, subject to the deduction hereinafter stated.

He alleged that the defendants Anderson and Almquist failed on their part to complete said houses by said 20th day of June, and that the same were not completed until the 2d day of September, 1890, by reason of which damages accrued to him in the sum of $1,095, which sum, by the terms of said contract, he was entitled to deduct from said sum remaining unpaid, leaving due the sum of $3,103, which he stood ready to pay to any party the court might direct the same to be paid to. He alleged there were other parties claiming liens on said premises; that Hambly & McMillan and the St. Paul & Tacoma Lumber Company had filed in the office of the auditor of Pierce county notices of liens upon said property, claiming that they were entitled to liens by reason of having furnished labor and material in the construction of said houses through said Anderson and Almquist, and that there were others threatening to file liens thereon. He alleged that he knew nothing of the validity of any of said claims, but that the record of the same was a serious cloud upon his title to said premises, preventing him from selling or disposing of the same as he might otherwise do, and that by reason of these claims for liens he was unable to settle his accounts with the said Anderson and Almquist, and that each of said parties claiming liens were threatening foreclosure thereof. He alleged that he had called upon Anderson and Almquist, Nyman, Olson, Sundberg and Holmgren, and demanded that they settle said liens, which demand they refused to comply with, and that the amount claimed by said parties was largely in excess of the sum of $3,103; and, if upon the final determination of said claims they should be found valid, he was willing to pay thereon a sum not to exceed the amount remaining due on the contract. And further, that, by the terms of the contract, the said Anderson and Almquist, Olson, Sundberg, Nyman and Holmgren were legally bound to pay for all labor employed and materials

used in the construction of said houses, and to discharge
all valid liens existing against said premises by reason of
their contracts for labor and material employed in the
construction of the same. He alleged that after the com-
mencement of this suit by Wheeler, Osgood & Co., and af-
ter being threatened with other suits for the foreclosure
of other liens, and after the refusal of the original con-
tractors, or their said bondsmen, to settle and discharge
the same, he commenced an action to compel an account-
ing and settlement of all of said claims, which action was
then pending. And he alleged that if this action and
the others that were threatened were proceeded with, he
would be greatly annoyed and caused irreparable injury
and expense, and that all of said cases, and the rights of
said parties, should be adjudicated in one litigation. He,
therefore, asked that said Hambly & McMillan, the St.
Paul & Tacoma Lumber Company and Anderson and
Almquist, with their bondsmen aforesaid, be made parties
to this action, and that said Hambly & McMillan and the
St. Paul & Tacoma Lumber Company be required to come
into court and answer, setting up their claims, in order
that the same might be adjudicated, and in case they
failed to do so that the same be barred. He further asked
that Anderson and Almquist, Nyman, Olson, Holmgren
and Sundberg come into court and make defense to all
the claims of said parties claiming liens, and in case they
failed to do so, and if any of said liens should be adjudged
valid, that then they be ordered to pay the same, and in
case of their failure so to do that judgment be entered as
the law authorizes, and also for such relief as he was en-
titled to in equity.

The defendants Anderson and Almquist, and Sundberg,
Nyman, Holmgren and Olson, and Wheeler, Osgood &
Co., filed answers to the said answer of Jacob Ralph and the
cross bill therein contained. The answer of the defendants
Anderson and Almquist admitted their indebtedness to the

several respective parties upon the claims made by them for labor and materials furnished which entered into the construction of said houses, but denied each and every other allegation of the cross complaint.

The defendants Nyman, Olson, Sundberg and Holmgren answered, denying they had any knowledge or information sufficient to form a belief as to the claims of Wheeler, Osgood & Co. and the St. Paul & Tacoma Lumber Company, and therefore denied the same, but admitted having entered into a contract with Jacob Ralph as set out in his complaint, but alleged they had no knowledge or information sufficient to form a belief as to any of the other allegations therein contained, and therefore denied the same, and for a further defense and counter claim as against said Jacob Ralph, said defendants alleged that the contract set out in said cross complaint was a changed and different contract from that originally entered into between said Ralph and Anderson and Almquist and themselves, and that said contract was so changed without any notification to them as bondsmen, and that the changes in said contract were so great and varied that the contractors could not perform the conditions and have said buildings ready on the 20th of June as specified in the original contract, and that all the damages that may have resulted to the plaintiff were caused by said changes, and not through any fault or negligence of the contractors. And alleged that said Ralph had not sustained any damage from any failure of the contractors to perform the conditions of the contract, and that in consequence of such changes and alterations, the contract described as having been executed by said parties had been abrogated as to them, the bondsmen, and that they were not in any way bound thereby.

The other lien claimants appeared and filed complaints setting out their claims, on which issue was tendered by said Ralph and by the other defendants, Anderson, Alm-

quist, Sundberg, Nyman, Olson and Holmgren, except that Ralph admitted he was the owner of the property and had entered into the contract set forth in his answer in the case of Wheeler, Osgood & Co. against himself and others, and except the matters admitted by the answer of Anderson and Almquist, as to the correctness of the amounts claimed, and their indebtedness to the claimants.

The causes were thereupon consolidated, without objection, and referred to the court commissioner for trial. He took the testimony and made findings thereon and reported the same to the court, and a decree was rendered in favor of the lien claimants. Whereupon Ralph, Anderson and Almquist, Nyman, Holmgren, Olson and Sundberg gave notice of an appeal to this court.

At the hearing before the commissioner the matters in contest seem to have been between Ralph and the bondsmen upon his contract with Anderson and Almquist, as to whether the claims of the respective parties seeking to obtain pay for material and labor furnished as aforesaid were to be paid by Ralph, or as to whether in default of their recovering the same from the contractors, Anderson and Almquist, the same should be paid by the bondsmen aforesaid. Furthermore, as to whether the contract had been complied with by said Anderson and Almquist, and as to whether the original contract which was executed by the bondsmen had been so materially altered without their consent as to release them. No substantial contest seems to have been made as to the claims of the respective parties asserting the liens.

A number of points are urged here which are as follows: That the court allowed in each of said lien claims attorney's fees without any proof having been introduced either before the commissioner or before the court, as to the value of such services. A number of objections are made to the lien notices in that the same do not sufficiently describe the

materials furnished, or set out the terms of the contracts whereby the same were furnished to the original contractors, and other objections going to their sufficiency. Appellants allege that in some instances there was no proof of the value of the materials furnished, and they claim that proof of such value was necessary. Also that in some instances the lien notice failed to identify the property upon which said materials were used in that it showed they were furnished for the Ralph building, without specifying which building. This last objection is especially directed to a lien claimed by Turner and Erickson, and also the further objection that in the notice of this lien it is stated that H. Segerstrom was the contractor to whom said materials were furnished, without naming the prior contractors, and that no privity is shown between said Segerstrom, to whom they furnished said materials, and Anderson and Almquist, or between said Segerstrom and Ralph.

After the cause had been referred to the commissioner, the defendants, Holmgren, Sundberg, Nyman, Olson, Anderson and Almquist demanded a trial by jury, which was denied by the court, and they allege the court erred thereby.

Further objections are made that the cause was referred to the commissioner before the issues were made up, and that the commissioner proceeded to take testimony as to matters of fact that were not at issue, and that he found and reported the facts before the testimony was all taken. The record shows that the issues were settled some days before any testimony was taken, and it does not appear that the commissioner found or reported his findings of fact prior to the completion of the taking of the testimony, at least as far as the issues settled by the decree are involved. No objections were made by appellants to the commissioner's report for two months or more after the same was made and filed, and for a considerable time after the respondents had moved for an affirmation of the report and

for judgment thereon, nor was any suggestion made at any time of any intention on the part of the appellants to put in additional testimony as to the issues determined.

As to the objections raised regarding the rendition of judgment for attorneys' fees without proof of the value of the services or the reasonableness of said fees, and as to the sufficiency of the lien notices and lien claims, it seems to us that these questions were not raised on the trial of the action in the lower court.  These lien notices were all admitted in evidence without any objection to them whatever. Respondent insists that in consequence thereof the appellants should be precluded from raising such questions on appeal.  All technical objections to proof should certainly be made when it is offered, and if not so made the same will be waived.  There is no doubt but that in this case any objections going to the verification of the different lien notices—and some objection was made thereto in the objections to the report—and all objections going to their execution would be waived by a failure to object at the time they were offered in evidence.  And we think that where a written instrument is offered in evidence for a certain specific purpose, such as a lien notice, for the purpose of establishing the lien, all questions going to the sufficiency of the notice should also be raised at the time of its offer, otherwise the party offering the same might be misled to his prejudice, and not put in any further available proof upon the subject.  It is possible other lien notices for the same claim may have been filed by the same claimants within the time allowed, or it may be the owner or defendant previously waived all objection to the lien notice, or put himself in such a position he would be estopped from objecting thereto or to the sufficiency thereof.  He may have previously expressly agreed so as to bind himself that the liens were valid and subsisting ones, and the lien claimants would not be called upon to put in this additional

proof in the absence of any objection to the lien notice of-fered. It would be an improper practice to allow a party to hold back his objections, and avail himself of them later, or to obscure his points upon the trial, or place them in ambush, to be sprung upon an unsuspecting party when he may have no opportunity to avoid the consequences thereof. No objection was made to these lien notices until after the commissioner's report was made, when appellants objected to the finding of the commissioner with reference to the liens, on the ground that there was no evidence to support them, or that the evidence was insufficient. No specific objection was pointed out to them then; no particular was specified in which they were claimed to be deficient, and it is questionable whether the objections were sufficient to raise any point as to their validity had the same been made in time. A party should make his grounds of objection known to the court in order that the same may be passed upon intelligently. Although on an appeal of an equitable action to this court a trial *de novo* is had of the facts as well as the law, yet as a matter of justice to all parties, and in furtherance of the regularity of such proceedings it seems that such trial here, nevertheless, should be confined to points other than jurisdictional ones which were raised and litigated in the lower court. The party there should avail himself of every defense upon which he relies, and, certainly, any defense in which there is any great merit would be likely to occur to him at the trial. If it were so unimportant as not to attract his attention, then there would be no reason in giving him the benefit thereof at a later day. Parties may safely be relied upon to insist on all matters going to the merits of their causes of action or defenses, and after an action has been fairly and fully tried on the merits, when appealed to this court, although it is a trial *de novo* the same should not be predicated upon some later or subsequent discovery made after the trial in the

lower court, or after the time when such question should have been raised.

We think this should be the rule in all cases, but there are additional grounds in this case for holding the appellants precluded from raising these questions, and this includes the point raised as to attorney's fees. When the case came on for hearing in the superior court on the report of the commissioner, and when the appellants first made these objections to the lien notices, it was claimed by the parties asserting the liens that all objections thereto had been expressly waived upon the hearing before the commissioner, and that the parties had stipulated before the commissioner that the court should render judgment for the attorney's fees. Whereupon the court made an order directing said commissioner to make a further report as to such stipulations entered into and acted upon during the hearing before him which were not included in the original report, and the commissioner did make a further report wherein he states that on the 18th day of November, all parties being in court, excepting Ralph, it was stipulated and agreed in open court that the several original notices of liens, with the respective indorsements thereon of the auditor of Pierce county as to the time and place of record, respectively, were to be admitted as evidence without formal proof of their filing and record in the auditor's office, and in lieu of certified copies of the same. That it was also further stipulated in like manner that the attorney fee in each case should be fixed by the court, and no proof as to what were reasonable attorney's fees were taken before the commissioner for that reason. Said commissioner further certified that he had notified one of the attorneys of Ralph of the hearing to be had before him on said 18th day of November, when said stipulations were entered into, and that said attorney notified him that he did not care to be present to contest or oppose any of the claims or liens with the ex-

ception of the lien and claim of the St. Paul & Tacoma Lumber Company. That when proof was being taken in support of the St. Paul & Tacoma Lumber Company's lien, said attorney was present representing said Ralph, and that he was then notified in open court of the stipulation in regard to the admission of the other liens with their indorsements and contents, and in regard to attorney's fees, and the said attorney stated in substance that he did not suppose any question could be raised as to the materiality and relevancy of the evidence so admitted, and he agreed that the lien of the St. Paul & Tacoma Lumber Company, with its indorsement as to record, should be admitted without objection. He did not make any objection to the agreement allowing the commissioner to find the amount of the attorney's fees to be paid. It further appears by said supplemental report that on said 18th day of November the attorney who represented said Anderson, Almquist, Nyman, Olson, Sundberg and Holmgren stated in substance that on behalf of his clients he objected to the taking of any testimony in support of the claims of the several lienors on the ground of unnecessary costs, that his clients were not opposing said lienors' claims of account, and objected to being burdened with any of the costs of establishing their liens against such of the defendants as did oppose them.

It seems to us that here was an express waiver of any question or objection going to the sufficiency of these liens by all of the appellants, and also of the taxation of the attorney's fees. It cannot be contended that these stipulations were only for the purpose of admitting the original notices without requiring certified copies or proof of their execution, and of their being filed for record because such attorneys further stipulated that attorneys fees might be fixed by the court, and the only foundation upon which judgment could be rendered for an attorney's fee in the action was in case the liens were established. If the liens

were invalid, no such attorney's fee could be recovered, and if anything was needed to show what the parties did intend to stipulate to, or if any doubt existed as to the effect of the stipulations, it seems to us that this would set the matter at rest.   If the parties had intended to contest the validity of the lien notices there would have been no such concession as to the attorney's fees, or else the fees would have been made conditional upon the liens being established.

The appellants object to this further report on the ground that it was incompetent, irrelevant and frivolous, and that the commissioner had no right to make the same. We think it was permissible.   If there had been only a partial report originally, it was within the power of the superior court to order the commissioner to make a further report of what took place before him, and he certainly could return any fact involving a waiver expressly made by the parties, or a stipulation entered into between them before him, as well as he could return the testimony which was taken.   Furthermore the truthfulness of this report is not attacked in any way; no question is made that it was not in accordance with the facts.

This disposes of the question as to the attorney's fees, and of all objections to the lien notices, including the point raised as to the Turner and Erickson notice, that it only specified one Segerstrom as the person to whom said materials were furnished, without naming the original contractors, Anderson and Almquist; and as to the further ground that it did not specify the particular house for which the materials were furnished.   It appears that one contract was made for the erection of these nine houses upon contiguous lots between the same owner and the same contractors, Anderson and Almquist; and being the same owner, the same contractors, and the work being done under the same contract, and there being no intervening rights of any third parties, and it appearing that the materials

were used indiscriminately upon all the houses, there is no merit in the last objection anyway.

The objection that the value of the materials was not proven was not raised, even if it would have availed the appellants anything, if properly taken. These lien notices stated the amounts due, the respective claimants, and in each instance the contract price for the material and labor was proven without objection. Certainly the appellants now cannot be allowed to say there should have been proof of value in addition to this.

As to the question that the defendants, or some of them, were entitled to a jury trial, it appears that the causes were consolidated and referred to a commissioner to take proof without objection by anyone at the time. The actions to foreclose the liens were triable in equity, and it is a well settled principle of law that a court of equity having obtained jurisdiction of a cause retains it for all purposes, and as to whether a jury trial is to be allowed of any questions of fact involved in such actions is a matter entirely within the discretion of the court, and no error could be founded upon its refusal to grant one in this instance.

A further claim is made by the appellants that a portion of said cause, relating to the issue raised between Ralph and Olson, Sundberg, Nyman and Holmgren as to their liability upon the contract to pay the claims of the lien claimants, is yet pending before the commissioner, and that testimony has been taken before him in regard thereto which has not been reported or passed upon. Appellants state that the superior court, notwithstanding its former order consolidating the causes, ordered an issue to be made up between the owner Ralph and the contractors aforesaid. Our attention has not been called to any such order in the voluminous record brought here, and we have not been able to discover any. Nor is there any intimation in the record that that issue, or any issue involved in said cause, was left

pending before the commissioner when his reports as aforesaid were made to the superior court; nor that any testimony was being taken therein, or that any person desired to introduce any such testimony. If such an order was made by the court it would have the effect of segregating the actions theretofore consolidated to that extent. It would not affect the causes of the lien claimants. These were fully litigated and determined. If one of the issues made up as aforesaid was thus eliminated from the consolidated cause, and that issue is yet pending before the commissioner, or in court, we see no reason why the same may not proceed independently to a final judgment. An order consolidating the cases would not preclude the court from thereafter making an order severing them. The decree does not purport to settle the issues raised by the pleadings between Ralph and his contractors, and this would indicate that such issues had been segregated from the consolidated cause.

It seems to us the appellants practically abandoned the case here as contested in the lower court, and undertake to make a new one on appeal, which would result in grea injustice to the respondents if the questions they now urge should be held as before the court under all the circumstances.

The judgment of the superior court is affirmed.

ANDERS, C. J., and STILES and DUNBAR, JJ., concur.

HOYT, J., concurs in the result.