[No. 587.  Decided November 30, 1892.]

THE MOUNT TACOMA MANUFACTURING COMPANY, *Appellant*, v. AUGUST CULTUM, J. W. KENNEDY AND MARIE H. KENNEDY, *Respondents*.

MECHANICS' LIENS — FORECLOSURE — SUFFICIENCY OF LIEN NOTICE.

A lien notice which states that a lien is claimed "upon that certain wooden frame building situated upon the southeast corner of North Tenth and J street, upon lot No. 12 in block No. 4016, city of Tacoma," will not sustain an action to foreclose a lien for materials furnished in the construction of a dwelling house on lots one and two in block No. 3919.

*Appeal from Superior Court, Pierce County.*

*Crowley & Sullivan*, and *Judson & Sharpstein*, for appellant.

*Stanton Warburton*, and *J. C. Stallcup*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought to foreclose a lien for materials furnished in the construction of a dwelling house, alleged to be built on lots one and two, in block

number 3919, in the city of Tacoma. The statement of facts show that the lien notice was as follows: "Claims a lien upon that certain wooden frame building situated upon the southeast corner of North Tenth and J street, upon lot No. 12, in block No. 4016, city of Tacoma;" and that no other description is contained in said lien claim. These facts being pleaded in the answer, the plaintiff demurred to the answer on the ground that it did not state facts sufficient to constitute a defense. Demurrer was overruled, and plaintiff appeals to this court. So that the sole question to consider is the sufficiency of the lien notice.

The only logical theory upon which this action can be sustained is the theory that there is no virtue whatever in the description of a lien notice, for there is nothing in this notice to lead one to the premises sought to be foreclosed, either in the amount of land, the number of the lot or block, or the point at the junction of the streets mentioned, but everything to lead them in another direction. It is not a case of insufficiency of description, but the statement in the lien notice flatly contradicts the statement of the complaint. No reconciliation is possible. Had the notice stated that the property was situated on one of the four corners of North Tenth and J streets, that would have been some guidance, though rather indefinite; but it avers that it is situated on the southeast corner, which would lead a person trying to locate the land to block 3920, if we understand the accompanying plat. If he were to be guided by the plain instruction of the notice, he would be justified in concluding that it was lot 12, in block 4019, and this idea would be strengthened by the further assertion in the notice that he claims a lien upon said lot, there being, according to the complaint, a lien claimed only on one lot, while, according to the complaint, the building occupies two lots, neither one of which is the lot described. Neither prong of this description would lead a person to lots one

and two, in block number 3919, but on the contrary the fact that the lien was claimed only on one lot would justify any one in coming to a conclusion that the building occupying two lots was not meant.

We think no notice so absolutely misleading as this one has been sustained, and if it has, under the decision of this court in *Warren v. Quade,* 3 Wash. 750 (29 Pac. Rep. 827), and *Young v. Howell, ante,* p. 239, the authority could not be followed.

The judgment is affirmed.

ANDERS, C. J., and STILES, SCOTT and HOYT, JJ., concur.