[No. 1247. Decided October 13, 1894.]

HARRY J. COLLINS et al., *Respondents*, v. A. J. SNOKE et al., *Appellants*.

MECHANICS' LIENS — REQUISITES OF NOTICE — MATERIALS FURNISHED CONTRACTOR — OWNER OF PREMISES — DESCRIPTION OF PREMISES — COMMUNITY PROPERTY — PARTIES.

A claim of lien which sets out that "S is the name of the owner and reputed owner of said premises, and caused said building or structure to be built and erected. That R is the name of the contractor, who, as such contractor, made and entered into a contract with C, under and by which the hardware was to be furnished for said building," sufficiently states the relations of principal and agent between owner and contractor.

A claim of lien which alleges the name of the owner and reputed owner of the premises at the time of the filing of the notice is a sufficient compliance with the requirements of §1667, Gen. Stat., which provides that the claimant shall file "a claim containing a statement of his demand, . . . with the name of the owner, or reputed owner, if known."

A notice of lien sufficiently describes the property to be affected when it alleges that the lien is claimed "upon that certain building or structure now upon those certain lots and parcels of land [description]. That S is the name of the owner and reputed owner of said premises and caused said building or structure to be built and erected."

Where it does not appear upon the face of the lien notice that the claim is against community property or that the wife has an interest in the premises, the failure to make the wife a party to the notice is not a fatal defect, although she must be made a party to the foreclosure proceedings.

*Appeal from Superior Court, King County.*

*John G. Barnes*, for appellants.

*Wilshire & de Steiguer*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J. — The notice in this case reads as follows:

"Notice is hereby given that Harry J. Collins and Burton V. Collins, partners doing business under the firm name of Collins Brothers, of the city of Seattle, county of King, State of Washington, have and hereby claim a lien upon that certain building or structure now upon those certain lots and parcels of land situate in the city of Seattle, county of King, State of Washington, and described as follows, to wit: Lots Nos. 11 and 12 in block No. 3, Ayer and O'Hara's addition to the city of Seattle. That A. J. Snoke is the name of the owner and reputed owner of said premises and caused said building or structure to be built and erected. That H. C. Raymond is the name of the contractor who on or about the 19th day of August, 1891, as such contractor, made and entered into a contract with said Collins Brothers, under and by which the hardware was to be furnished for said building, and the following is a statement of the terms, time given and conditions of said contract, to wit: The said Harry J. Collins and Burton V. Collins, partners as aforesaid, promised and agreed to furnish and deliver all hardware that the said H. C. Raymond should require to be used in the construction and erection of said building, and for which the said Collins Brothers

agreed to furnish at their regular retail price or prices for such goods so sold and delivered. And for which said contractor agreed should be paid for within sixty days after the same was so furnished. That said contract has been fully performed on the part of said Collins Brothers, and the same was completed, and they ceased to furnish said hardware for said building or structure on the 31st day of August, 1891, and ninety days have not elapsed. That the amount of the contract price for said hardware or material so furnished as aforesaid is $57.07, in United States gold coin, and that said sum is the regular retail price of said hardware so sold, furnished and delivered, and being the amount agreed to be paid for the same by the contractor. That the said sum of no amount or sum dollars has been paid on said contract price, and that the sum of $57.07 in gold coin of the United States is still due and owing thereon to said Collins Brothers after deducting all just credits and offsets. Wherefore said Collins Brothers claim a lien,'' etc.

It is urged by the appellants that this notice did not show a *prima facie* right of lien in that it did not connect the claimants with appellants, or either of them, and did not connect the appellants with the owner of the building and lots; citing in support of this contention, *Warren v. Quade*, 3 Wash. 750 (29 Pac. 827); *Tacoma Lumber & Mfg. Co. v. Wilson*, 3 Wash. 786 (29 Pac. 829); *Fairhaven Land Co. v. Jordan*, 5 Wash. 729 (32 Pac. 729); *Heald v. Hodder*, 5 Wash. 677 (32 Pac. 728).

While this court would not be inclined to give the lien statutes a more strict construction than was given in *Warren v. Quade, supra,* and in the subsequent decisions which were governed by it, we think it is not necessary to relax the rule there laid down to sustain the notice in this case, for the notice in this case is, we think, free from the objections discussed in that. Sec. 1667 of the General Statutes is as follows:

''Every person claiming the benefit of this chapter must, within ninety days after the completion of any building,

improvement or structure, or after the completion of the alteration or repair thereof, or after he has ceased to labor thereon from any cause, or after he has ceased to furnish materials therefor, or after the performance of any labor in a mine or mining claim, file for record with the county auditor for the county in which such property or some part thereof is situated, a claim containing a statement of his demand, after deducting all just credits and offsets, with the name of the owner, or reputed owner, if known, and also the name of the person by whom he was employed, or to whom he furnished the materials, with a statement of the terms and conditions of his contract, if any, and also a description of the property to be charged with the lien, sufficient for identification, which claim must be verified by the oath of the claimant, or some other person, to the effect that the affiant believes the same to be just."

In *Warren v. Quade* it was held that a notice is defective which shows that the goods were furnished to, or the labor performed for, a person named in the notice, and not to or for the owner directly, when the notice fails to show such a relation existing between the person to whom they were furnished and the owner as will bind the owner under the lien laws. This doctrine, of course, cannot be gainsaid, but in that case it nowhere appeared in the notice that the defendant and the owner had any contractual relations whatever with the parties who constructed the building, while in the case at bar the notice alleges that A. J. Snoke is the name of the owner and reputed owner of said premises, and caused said building or structure to be built and erected. This may not be stated with all the nicety and distinctness of technical pleading, but we think a person of common understanding would have no trouble in coming to the conclusion, from the notice, that he caused said building and structure to be built and erected as the owner, and that as such owner he contracted with Raymond for the building of the structure. It would be idle for the notice to state in terms that Raymond was the

agent of Snoke, for it is the law, and not the agreement of the parties, which makes the agent, and the notice would not obtain any additional strength by stating a conclusion of law.

We think the second objection made by the appellants, that the requirement of the statute that the notice must state the owner or reputed owner of the property is not met, is equally without substantial merit. Whenever a court goes beyond the realm of probabilities and indulges in presumptions of mere possibilities, that the language of a pleading may be construed to the detriment of a party, substantial justice will be more often defeated than sustained. The strained construction of the statute contended for by the appellant would make it necessary for the notice to state the name of the owner or reputed owner during every day from the time the contract was entered into until the notice was filed; while the fact is the statute was literally complied with in this case, for it provides that at the time the notice was filed the name of the owner or reputed owner should be given. The object evidently is to give notice to the owner of the claim against his property.

And the same thing may be said of the third objection, that the description of the property was not sufficient for identification. In *Warren v. Quade, supra,* no building was originally mentioned in the notice, but in the fourth paragraph the statement was that ''said labor and assistance were so performed and rendered upon said building aforesaid,'' etc., and as the word ''aforesaid'' had no antecedent it was evidently a clear omission of a mention of a building, and, as the court rightly held, the building is the primary subject of the lien, and the attempt to assert such claim on the land, which was but a secondary subject, must fail. But the notice here is not so lame, for in the first clause it mentions the building or structure upon the lots described, and in the next clause it appears that Snoke

was the owner and caused said building or structure to be built and erected.

We think all the other objections urged against the notice are equally without merit, and that neither the owner nor the foreclosing officer could have any real difficulty in ascertaining, from the notice, just what property was covered by the lien notice.

It is also urged that, as the premises described in the notice are the community property of Mr. and Mrs. Snoke, the failure to name the latter as one of the owners was, under the ruling of this court in *Sagmeister v. Foss*, 4 Wash. 320 (30 Pac. 80), a fatal omission, rendering the attempted notice void. Quite a lengthy discussion was indulged in by the counsel for the respective parties concerning the status of the property; but as we understand the lien law and the community property law, the determination of the status of the property is not necessary to the determination of this case. Sec. 1400 of the General Statutes, which prohibits the selling or alienating of community real estate by the husband alone, specially provides that all such community real estate shall be subject to the lien of mechanics and others for labor and materials furnished in erecting structures and improvements thereon, etc.

In *Sagmeister v. Foss* the principal point, which was decisive of the case, was that the wife was not made a party to the action of foreclosure, and this court held that she was a necessary party. That decision was rendered without any discussion of the question, and by a simple reference to *Littell & Smythe Mfg. Co. v. Miller*, 3 Wash. 480 (28 Pac. 1035), where we held that notwithstanding the fact that the husband could incur the debt, the wife was a necessary party to the action because she had a right to contest the facts alleged, which, if admitted, would constitute a charge against her interest in the community property.

Concerning the notice, the court, in *Sagmeister v. Foss,* said that a claim of lien against the husband and his interest which showed on its face that the claimants had knowledge that the wife had a community interest in the estate, was defective. Whatever may be said of the correctness of that ruling, the question is not involved here, for the lien notice in this case does not disclose any such state of facts. While, on the other hand, the complaint affirmatively shows that such fact was not disclosed, and in this case the wife is made a party to the action.

So far as the proof is concerned we think it justifies the judgment. The judgment will, therefore, be affirmed.

ANDERS and SCOTT, JJ., concur.

STILES, J. (*concurring*).—Ella W. Snoke was made a party defendant, as one who "claimed an interest" in the property. She appeared, but neither she nor her husband, by their pleadings, showed that she was a wife, and that the property was community real estate. It is too late now for them to ask a reversal because of either fact. I therefore concur.

HOYT, J., dissents.