[No. 4743. Decided January 2, 1904.]

THE SEATTLE LUMBER COMPANY, *Appellant,* v. BO SWEENEY *et al., Respondents.*[1]

MECHANICS' LIENS—NOTICE—SUFFICIENCY—STATING TERMS OF CONTRACT. Under Bal. Code, § 5904, the notice of claim for a mechanic's lien need not state the terms and conditions under which the materials were purchased as formerly required by Hills Code, § 1667.

[1]Reported in 74 Pac. 1001.

Same—Statement of Ownership of Property.   Under the liberal construction required by Bal. Code, § 5917, a lien notice stating that the defendants were the owners of the property at the time the materials were furnished authorizes the construction time they are still the owners when the lien notice is filed.

Same—General Lien on Separate Buildings—Validity—Postponement to Specific Liens.   Bal. Code, § 5907, authorizes a single mechanic's lien against separate lots for five buildings thereon where all are jointly owned by the same parties, and the failure to designate the amount claimed against each building only postpones the general lien to other liens which designate the amount due on specific property.

Time of Filing Lien—Complaint—Sufficiency—Clerical Error in Notice.   Where a complaint for the foreclosure of a mechanic's lien alleges that the plaintiff commenced to furnish material March 19, and finished May 6, a statement that the notice was filed March 10 is clearly a clerical error, and it sufficiently appears to have been filed August 4, when it was executed on that day and the copy attached shows it was filed on that day.

Same—Computation of Time of Filing.   When the last day of delivery was May 6, the lien claimant had all of August 4, which was ninety days thereafter, within which to file the lien.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 23, 1903, dismissing an action to foreclose a mechanic's lien upon sustaining a demurrer to the complaint. Reversed.

*Preston, Carr & Gilman,* for appellant.

*Sweeney, French & Steiner,* for respondents.

Mount, J.—This action was brought to foreclose a materialman's lien. The lower court sustained a demurrer to the complaint and dismissed the action. Plaintiff appeals.

The facts alleged in the complaint are, substantially, that on March 1, 1902, the defendants Sweeney and wife entered into a contract with George Barwick for the construction of five dwelling houses upon five lots in the city of

Seattle; that by said contract Barwick and one P. J. Dono-
hue, the architect, were made agents of Sweeney and wife
for the construction of these buildings; that the said lots
are contiguous to each other, and that Sweeney and wife
were and are the owners thereof and of the dwelling houses
erected thereon; that the materials furnished by the plain-
tiff were furnished to said Barwick and Donohue at their
instance and request, between March 19 and May 6, 1902,
and were delivered upon the premises for, and used in,
the erection of said buildings; that plaintiff cannot say
how much of said materials was used in any one of said
buildings, but that the whole thereof entered into the con-
struction of the buildings; that the reasonable value of the
material so furnished and used is $995; that $706.80 has
been paid thereon, and there remains due $288.70; that
after the delivery of said materials and within ninety days
after the last delivery, to wit, on May 4, 1902, plaintiff
filed its verified lien therefor, and that eight months had
not elapsed since the said notice was filed.   The lien notice,
omitting the verification and formal parts, is as follows:

"Notice is hereby given that on the 19th day of March,
1902, the above named claimant, the Seattle Lumber Com-
pany, a corporation, at the special instance and request of
George Barwick, contractor, and P. J. Donohue, architect,
commenced to furn·sh material, to wit, lumber, to be used
upon, and which was actually used in, the construction
of those certain five one and one-half story frame dwelling
houses, situated on certain lands and premises in King
county, state of Washington, described as lots 2, 3, and 4
in block 62, in Kidd's Addition to the city of Seattle,
of which property the owners and reputed owners were
Bo Sweeney and Jane Doe Sweeney, his wife, whose true
Christian name is unknown, and the furnishing of the
said material ceased on the 6th day of May, 1902; that
said materials furnished were of the reasonable value of
$995.50; that there has been paid on account of the same

$706.80, and that there is now due and owing on account thereof the sum of $288.70 and interest from the said 6th day of May, 1902, no part thereof has been paid, and that claimant claims a lien on said property and the whole thereof for the sum of $288.70 and interest as aforesaid."

Respondent contends that there are three fatal defects in the lien notice, the first being that the notice does not disclose any contractual relations between defendants Sweeney and wife and Barwick and Donohue, at whose instance the materials were furnished, or that defendants Sweeney and wife caused said buildings to be erected. In *Warren v. Quade,* 3 Wash. 750, 29 Pac. 827, it was held, under § 1667, 1 Hill's Code, then in force, that the lien notice should state the terms and conditions under which the materials were furnished, and the relation existing between the owner and the builder to whom the materials were furnished, and that it was not sufficient that these facts appear in the complaint. This ruling was followed in several subsequent cases; viz., *Tacoma Lumber & Mfg. Co. v. Wilson,* 3 Wash. 786, 29 Pac. 829; *Heald v. Hodder,* 5 Wash. 677, 32 Pac. 728; *Fairhaven Land Co. v. Jordan,* 5 Wash. 729, 32 Pac. 729; and *Collins v. Snoke,* 9 Wash. 566, 38 Pac. 161. But in 1893, subsequent to the time of these decisions, the legislature of this state passed a new lien law, the provision requiring a statement of the terms and conditions of the contract was omitted, and a form of lien notice was provided for. § 1667 is now superseded by § 5904, Bal. Code. This latter section provides that a claim for lien substantially in the form provided *"shall be sufficient."* The authorities under the old statutes are not in point under the new. The notice in this case is substantially a copy of the form provided for by § 5904, *supra,* and is therefore sufficient. *Young v. Borzone,* 26 Wash. 4, 66 Pac. 135, 421.

It is next contended that the notice does not state that Sweeney and wife were the owners of the property at the time the notice was filed.   The statement in the notice is, "that on the 19th day of March, 1902, the above named claimant, the Seattle Lumber Company, a corporation, at the special instance and request of George Barwick, contractor, and P. J. Donohue, architect, commenced to furnish material, to wit, lumber, to be used upon, and which was actually used in, the construction of those certain five one and one-half story dwelling houses situated on certain lands and premises in King county, state of Washington, described as lots 2, 3, and 4, in block 62, in Kidd's Addition to the city of Seattle, of which property the owners and reputed owners were Bo Sweeney and Jane Doe Sweeney, his wife."   This statement is to the effect that Sweeney and wife were the owners at the time the materials were furnished.   The complaint alleges that the defendants were and now are the owners of the property. This allegation is sufficient.   But if the notice cannot be aided by the allegations of the complaint, the notice of itself is sufficient in this respect, because if the defendants were owners at the time the materials were furnished the presumption follows that they are still owners.   The statute at § 5917 is as follows:

"The provisions of law relating to liens created by this chapter, and all proceedings thereunder, shall be liberally construed with a view to effect their objects."

The object of the lien claim is to give notice to the owner.   Where the notice states that the defendants are the owners, this section authorizes the construction that the defendants were the owners at the time the materials were furnished; and where the notice states that defendants *were* the owners the section authorizes the construction that the defendants are still the owners.

It is next contended that the notice is fatally defective because it claims a lien upon five different buildings situated on different lots and does not designate the materials furnished or used for each building.   The statute at § 5907, Bal. Code, authorizes liens of this kind.   It says:

"In every case in which one claim is filed against two or more separate pieces of property owned by the same person, or owned by two or more persons who jointly contracted for labor or material, for which the lien is claimed, the person filing such claim must designate in the claim the amount due him on each piece of property, otherwise the lien of such claim is postponed to other liens.   The lien of such claim does not extend beyond the amount designated as against other creditors having liens upon either of such pieces of property."

The penalty for not designating the amount due on each piece of property is the postponement of the general lien to other liens which do designate the amount due upon a specific property.   The effect is not to invalidate the lien notice or the lien.   There is no contest of priorities in this case.   The contract for the erection of all the houses upon all the lots was one contract.   The lien was clearly authorized under the statute.   *Wheeler etc. v. Ralph,* 4 Wash. 617, 30 Pac. 709; *Sullivan v. Treen,* 13 Wash. 261, 43 Pac. 38; *Phillips v. Gilbert,* 101 U. S. 721, 25 L. Ed. 833.

It is next claimed that the lien notice was not filed in time.   The complaint alleges that,

"Within ninety days subsequent to the last delivery of said lumber, to wit, on the 4th day of August, 1902, said plaintiff caused to be executed a certain notice and claim of lien .   .   .   a copy of which notice of lien is hereto attached, marked Exhibit A, hereby referred to and made a part of this complaint.   (6) That on the same day, to wit, on the 10th day of March, 1902, the said plaintiff caused the said notice and claim of lien to be filed," etc.

The copy of the notice attached shows that it was filed

on August 4, 1902. The complaint shows that the furnishing of materials began on March 19, and ceased on May 6, 1902. The date alleged as March 10, 1902, was therefore prior to the time when any of the materials were furnished. So that it clearly appears on the face of the complaint that the date, March 10th, was a clerical error. Ninety days from May 6, 1902, was August 4. The plaintiff had all that day in which to file his claim. He filed it on that day, and therefore in time. The complaint being sufficient upon these points, the lower court erred in sustaining the demurrer.

The judgment is therefore reversed, and the cause remanded for further proceedings.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.