### In re SHUTE et ux.

#### (District Court, W. D. Washington, N. D. February 21, 1916.)

#### No. 5581.

1. BANKRUPTCY ⊙⟳192—LIENS—PROTECTION—CONTRACTS.

Petitioner contracted with a bankrupt to furnish labor and materials for putting in a chain and railing at the bankrupt's place of business. While this work was in progress, another contractor agreed to build tables for the bankrupt, and such contractor being unable to obtain the materials, and having no credit, the bankrupt agreed that, if the petitioner would furnish the materials, he would pay him directly. Petitioner did so, and, after all of the work was finished, filed under Rem. & Bal. Code Wash. §§ 1154, 1155, providing for liens on chattels, and that the statement shall state the terms of the contract, a claim for a lien on the several articles as if they had been constructed under a single contract. *Held*, that the two contracts were entirely distinct, and therefore the lien must be denied.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 294; Dec. Dig. ⊙⟳192.]

2. BANKRUPTCY ⊙⟳205—RIGHTS OF TRUSTEES—ATTACK ON LIENS.

As Bankr. Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), vests title to all property of the bankrupt in the trustee with all rights, remedies, and powers of a person holding a lien by legal or equitable proceedings, the trustee may contest the validity of a lien sought to be asserted against the bankrupt's property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 234, 303; Dec. Dig. ⊙⟳205.]

In Bankruptcy. In the matter of James L. Shute and wife, bankrupts. On petition to review an order of the referee. Order affirmed.

Cook & Waite, of Seattle, Wash., for petitioner.
Charles E. Congleton, of Seattle, Wash., for trustee.

NETERER, District Judge. This is a petition to review the order of the referee denying the claim of lien on the part of petitioner. It appears that the petitioner contracted with the bankrupt to furnish labor and materials for putting in certain chain and railing in the place of business of the bankrupt. While this work was in progress the bankrupt contracted with one Kitak to furnish labor and materials for the construction of 36 tables. Kitak did not have the materials or credit to obtain them, and the bankrupt agreed with the petitioner that, if he would furnish the material, the bankrupt would pay him direct therefor. The petitioner furnished the material for the tables, which were constructed at the place of business of Kitak. Upon the completion of the chain and railing, and also on the completion of the

tables, the petitioner, pursuant to sections 1154 and 1155, Rem. & Bal. Code Wash., filed a claim for lien upon the several articles as constructed under one contract, for a total of $181.32. The referee denied the right of lien, but allowed a general claim against the estate for the amount due, $149.90.

[1] The decision of the referee is unquestionably right. The labor and material was furnished under two distinct contracts, entered into at different times, and between different parties. The contention of the petitioner that since the labor and materials were furnished to the same person, by the same person, at practically the same time, upon the same premises, under the liberal construction which should be given to the lien statutes of this state (section 1209, supra), the lien should be held valid, cannot be sustained. The cases cited, Wheeler, Osgood & Co. v. Ralph, 4 Wash. 617, 30 Pac. 709, and Seattle Lumber Co. v. Sweeney, 33 Wash. 691, 74 Pac. 1001, do not sustain such position. These were both suits under the general lien statute, in which a number of buildings were constructed upon contiguous lots, under one contract, but between the same owner and the same contractors, the materials being used indiscriminately in all of the houses, and there were no intervening rights of third parties, and the court rightly held that it was not vital to the lien under the circumstances that the materials in each building were not separately designated in the lien. In the instant case the labor and materials were furnished under separate contracts, for the construction of separate groups of chattels.

[2] Nor is there any question as to the trustee's right to attack the validity of the lien, since section 47a(2) of the Bankruptcy Act, as amended in 1910, vests the title to all property of the bankrupt in the trustee, with all the rights, remedies, and powers of a person holding a lien by legal or equitable proceedings thereon.

"The status of the general creditors by such act was changed, and by operation of law a lien was created and established in favor of the trustee for the general creditors." In re Pacific Electric Automobile Co., 224 Fed. 220, 224.

The order of the referee is affirmed.