[No. 16117.   Department One.   April 8, 1921.]

I. HOAGLAND, *Respondent,* v. W. E. MAGARRELL *et al.,*
*Appellants.*[1]

MECHANICS' LIENS (41) — PROCEEDINGS TO PERFECT — SEPARATE
BUILDINGS.   Where one contract calls for construction work on vari-
ous buildings on different lots under a designated and fixed price per
building, a mechanics' lien attaches on each lot separately and only
to the extent of the cost of the improvement on it.

Appeal from a judgment of the superior court for
Clarke county, Back, J., entered April 12, 1920, upon
findings in favor of the plaintiff, in an action to fore-
close a mechanics' lien, tried to the court.   Reversed.

*H. W. Arnold,* for appellants.

BRIDGES, J.—This was an action to foreclose a me-
chanic's lien.   The statement of facts is so incomplete
that we have found difficulty in being certain as to
what the facts are.   They appear to be as follows: The
defendants W. E. Magarrell and wife were the owners
of lots 1 to 12, both inclusive, of block 4, Hidden Addi-
tion to the city of Vancouver, Washington.   They had
already erected dwellings on lots 7, 8, 9, 10 and 11, and
intended to erect dwellings on the remainder of the
lots.   They seem to have made a contract with the
plaintiff Hoagland to do certain inside finishing work
on all of the houses, at the price of $125 per house.

In October, 1918, Hoagland commenced work on the
houses located on lots 8, 9, 10 and 11, and completed
them sometime in January, 1919.   During the time he
was at work on those houses, he seems to have modi-
fied his agreement with reference to the house on lot
7, so that as to that house he was to work by the day
at a certain price, which work on the house on lot 7

[1]Reported in 197 Pac. 20.

came to $117. He also did certain extra work on the four houses on lots 8, 9, 10 and 11, which came to $28, making a total for all five houses located on lots 7, 8, 9, 10 and 11 of $645. A considerable part of the work that he was to do consisted of what is designated as "built-in" parts, such as bookcases, shelves, etc. It was a part of the agreement that Hoagland would go to Magarrell's sawmill, located in Oregon, and there build, from materials furnished him, such so-called built-in parts for all of the houses. Complying with this arrangement, the plaintiff constructed built-in parts for the various houses, and they were delivered on the property in Vancouver. Certain of these parts were used by him in completing the houses on lots 7, 8, 9, 10 and 11. He did not do the work on any of the other houses because Magarrell failed to comply with his contract in paying for the work as it was completed.

Hoagland claimed there was due him, on account of the built-in parts which were delivered on the property but not used in the houses he completed, $207. He also claimed $48 for loss of time because Magarrell failed to deliver material as he needed it. The total amount of the claim of the plaintiff Hoagland was $900, which may be divided as follows: $645 on account of the houses located on lots 7, 8, 9, 10 and 11, and $255 on account of the extra built-in parts and the loss of time. Hoagland had been paid $290, which he applied, or undertook to apply, upon what he called the non-lienable items, being the $207 for extra built-in parts and $48 for loss of time. This payment would discharge the account as to the so-called non-lienable items and apply $35 on the so-called lienable items, which would leave unpaid as a charge against the houses on lots 7 to 11 inclusive, $610. Hoagland filed a claim against lots 7, 8, 9, 10 and 11 for labor performed on the houses located on those lots in the sum

of $610, and later brought suit to foreclose such lien. The court gave judgment against Magarrell and wife in favor of Hoagland for $610, and found that that amount was a general lien upon lots 7 to 11 inclusive, and foreclosed the lien on those lots and directed that the property be sold for the purpose of discharging the lien, together with certain attorney's fees and costs. While the work was in progress, or shortly afterwards, it appears that the defendant Webster became the owner of all of the lots except one, and he has appealed from the judgment. The respondent has not appeared in this court.

As we understand the appellant, his particular complaint is that, since there was a contract whereby Hoagland was to complete four houses on lots 8 to 11 inclusive for $125 each, the court should have found the amount due as against each one of those houses, to be the sum of $125, as well also as $117 against lot 7, and the improvements thereon, and that the lien should have been foreclosed for the several amounts against the several lots, and the property ordered sold separately for the purpose of collecting the amount charged against each separate lot and the improvements thereon.

Under the peculiar contract here, we are of the opinion that the contention of the appellant is correct. The statement of facts clearly shows that the contract was that Hoagland should complete each of the four houses on lots 8, 9, 10 and 11 for the sum of $125 per house, and that he was to be paid for each house as he completed it, and that he was to work on the house on lot 7 by the day.

A reading of the decisions of this court on this subject fails to disclose any case where the exact question here presented was involved. In a number of cases we have held that one lien might be filed upon several

different houses for a total amount, and that the lien might be foreclosed against all of the property, and the property ordered sold to pay the whole amount, but in each instance it would appear that the contract involved was not severable as to the various pieces of property. In other words, those cases involved contracts for the construction of two or more houses for a lump sum. *Wheeler Osgood & Co. v. Ralph,* 4 Wash. 617, 30 Pac. 709; *Seattle Lumber Co. v. Sweeney,* 33 Wash. 691, 74 Pac. 1001; *Powell v. Nolan,* 27 Wash. 318, 67 Pac. 712, 68 Pac. 389. But here the contract was to work on two or more houses for a .designated sum per house, payment for each house to be made as it was completed.

Where one contract is made for the construction of, or for work upon, several different buildings located on as many different lots or tracts of land, for a lump sum, one lien may be filed for the total sum and foreclosed as against all of the lots and the improvements thereon; but where, as here, the contract is that various buildings will be constructed on various lots or work done on various buildings, at a designated and fixed price per building, then each lot should be liable only for the value or contract price of the improvement on it. While there was but one contract here, it was severable as to each lot and the improvements on it, and each lot should be made to bear only the contract cost of the improvement on it. In so holding we have not overlooked Rem. Code, § 1137 which provides for the filing of one claim on more than one lot. But that section has reference to work done on more than one lot, under one contract which does not segregate the value of the work on each lot.

Under our construction, after adding to the contract price of $125 per lot for each of lots 8, 9, 10 and 11 its portion of $28 for extras, and after giving proper

credit for the payments made, the amount of the lien` would be as follows: Lot 7, $110, and each of lots 8, 9, 10 and 11, $125, total $610.

The judgment is reversed, with instructions to enter judgment in favor of respondent Hoagland and against Magarrell and wife for $610, and establish a lien on lot 7 and improvements, in the sum of $110, plus one-fifth of the costs and attorney's fees, and a lien against each of lots 8, 9, 10 and 11 in the sum of $125, plus one-fifth of the costs and attorney's fees, and directing each lot to be sold for the purpose of discharging the lien established against it.

PARKER, C. J., MACKINTOSH, FULLERTON, and HOLCOMB, JJ., concur.